**318**

**SCHWARTZ v. KAUFMAN et al.**

**Civil Action No. 573.**

District Court, E. D. New York.

Jan. 9, 1940.

See, also, D.C., 29 F.Supp. 803, 44 F. Supp. 960.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Ralph M. Carson, of New York City, of counsel), for defend-ants Junius S. Morgan, George Whitney, and Owen D. Young, for the motion.

John Thomas Smith, of New York City, for defendants General Motors Corporation, John Thomas Smith, and Alfred P. Sloan, for the motion.

Joseph Nemerov, of New York City, for plaintiff, opposed.

CAMPBELL, District Judge.

This case comes before this Court on the return of an order to show cause why an order should not be made and entered herein staying all proceedings in this suit until the final determination of the consolidated cause of Augusta Winkelman et al. v. General Motors Corporation, et al. and Fanette S. Kahn v. General Motors Corporation, et al., in the District Court of the United States for the Southern District of New York (No. E 84—221), hereinafter referred to, as the "Winkelman-Kahn" suit.

The Winkelman-Kahn suit, and the suit at bar, which will be referred to as the "Schwartz" suit, are typical stockholder's derivative suits, brought on behalf of General Motors Corporation against its officers and directors, and certain other corporations to recover for alleged losses incurred by the adoption and administration of a bonus plan, and other plans of supplementary compensation for its employees.

The Winkelman suit was commenced on October 22, 1936.

The Jacobson suit was commenced October 19, 1936.

The Kahn suit was commenced on April 21, 1938.

All these were consolidated and are now pending as the Winkelman-Kahn suit, as aforesaid.

Many motions have been made and decided, and the Winkelman-Kahn suit will be ready for trial early this year.

It is not a collusive suit and it has been prosecuted in good faith.

All of the issues, which may be tendered in the Schwartz suit, and many more, will be determined on the trial of the Winkelman-Kahn suit.

The Judgment in the Winkelman-Kahn suit, it is conceded by plaintiff's attorney, will be res adjudicata of all issues raised in this Schwartz suit.

This Court has power to grant the relief sought on this motion. Landis v.

North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153.

The Winkelman-Kahn suit is pending in the Southern District, and this Schwartz suit is pending in the Eastern District; therefore, no consolidation can be ordered. Alfred Pollak v. Long Island Lighting Co. et al., 246 App.Div. 765, 283 N.Y.S. 913, is not in point.

A speedy determination of the issues that may be tendered in this Schwartz suit will be assisted by staying all proceedings in this Schwartz suit until the termination of the Winkelman-Kahn suit.

The only result of allowing the plaintiff Schwartz to proceed herein would be to needlessly require the defendants to make motions and prepare this Schwartz case for trial, without giving any corresponding benefit to the plaintiff Schwartz.

The granting of this motion will in no way prejudice the plaintiff Schwartz.

The holding in obeyance of the decision on this motion, as suggested by plaintiff's attorney, is contrary to what this Court considers good practice, but plaintiff should not be left without a right to proceed if prosecution of the Winkelman-Kahn suit should be unreasonably delayed.

Motion granted, but without prejudice to a motion to vacate or modify such stay, if the Winkelman-Kahn suit be discontinued or the prosecution thereof shall be unreasonably delayed.