FOOD FAIR STORES, Inc. v. SQUARE
DEAL MARKET CO., Inc.

No. 10747.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 4, 1950.

Decided Feb. 8, 1951.

Mr. Cary McN. Euwer, Washington, D. C., with whom Mr. J. Edward Burroughs, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Bernard Margolius, Washington, D. C., with whom Mr. Joseph B. Danzansky, Washington, D. C., was on the brief, for appellee.

Before CLARK and PROCTOR, Circuit Judges, and KIMBROUGH STONE, Circuit Judge, retired (sitting by designation).

CLARK, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Columbia enjoining the appellant from prosecuting a suit filed by the appel-

lant in the United States District Court for the District of Maryland.

The appellant, on March 17, 1948, filed a suit in the United States District Court for the District of Columbia seeking to enjoin the appellees from using the trade name "Food Fair" and such other relief as the court might deem just. The appellee filed its answer denying the prior use of the trade name by the appellant; the appellee also filed a counterclaim, alleging prior use of the trade name in the District of Columbia and further claimed that through its activities in the District of Columbia it had acquired superior rights to the use of the trade name in Prince George's and Montgomery Counties. Appellee in its counterclaim sought to enjoin the appellant from the use of the name "Food Fair" in the District of Columbia, Prince George's and Montgomery Counties in Maryland.

On May 14, 1950, the appellee opened a retail food store under the name "Food Fair" in Montgomery County, Maryland and announced its intention to open another in Prince George's County, Maryland. Consequently on May 24, 1950, appellant filed its complaint for an injunction and other relief against the appellee in the United States District Court for the District of Maryland.

After the appellant filed its complaint in the federal district court in Maryland, the appellee filed a motion in the District of Columbia case to enjoin the appellant from prosecuting its trade name suit in the federal district of Maryland.

That Court then entered an order enjoining the appellant from prosecuting its suit in the federal district of Maryland. This order was based on the findings in the District of Columbia case, that:

"1. The parties, the issues and the subject matter of the complaint filed by the plaintiff [appellant, here] in the United States District Court for the District of Maryland, Civil Action No. 4993 are the same as those involved in this cause of action.

"2. This Court in the pending cause of action has the power and authority to dispose of the issues presented by the plaintiff's [appellant's] complaint filed in Maryland.

"3. This Court having first acquired jurisdiction of the subject should retain such jurisdiction and finally dispose of the issues involved.

"4. Defendant [appellee] is entitled to an order enjoining the plaintiff [appellant] from prosecuting the complaint in Civil Action No. 4993 in the United States Court for the District of Maryland."

■ The record supports the findings of fact and we agree with the trial court's conclusions of law. In both suits the appellant seeks to enjoin the appellee from using the trade name "Food Fair" and to account for and pay over any profits derived under such name. As recently as 1948 this Court held: "Where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first, and an injunction to accomplish this is proper." Speed Products Co. v. Tinnerman Products, 1948, 83 U.S.App.D.C. 243, 171 F.2d 727, 729.

■ Consequently, we feel the lower court properly granted an injunction. But both the appellant and appellee seem to agree that the order entered below was a permanent injunction. The appellant, however, contends, and quite correctly we feel, that this is not a proper use of a permanent injunction. To hold otherwise would be, in effect, to allow the issuance of a permanent injunction to prevent relitigation of all issues properly included in any judgment. The appellee is fully protected in this regard by the doctrine of res judicata. There is no other purpose for allowing such an injunction to continue beyond the period required to finally determine the District of Columbia case.

Although we have not found a decision expressly denying the applicability of a permanent injunction to this situation, the cases disclose that the practice has been to grant preliminary injunctions pending the completion of proceedings in the court granting such injunctive relief. This was

the procedure followed in Speed Products Co. v. Tinnerman Products, supra., and Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925, both relied on by the appellee.

Hence we remand this case to the United States District Court for the District of Columbia with directions to modify the injunction in accordance with this opinion.

Affirmed in part and modified in part.