REMINGTON PRODUCTS CORP. et al. v. AMERICAN AEROVAP, Inc.

United States District Court
S. D. New York.
May 7, 1951.

Darby & Darby, New York City, for plaintiffs, Floyd H. Crews, Morris Relson, New York City, of counsel.

Dean, Fairbank & Hirsch, New York City, for defendant, Morris Hirsch, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Both plaintiffs and defendant have made motions in this action, and defendant's motion will be considered first.

Defendant has moved for summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that there was no actual controversy when this action was commenced. Plaintiffs' action was brought by Remington Products Corp. (hereafter "Remington") and Electro-Vap Corporation for a declaratory judgment of non-infringement and invalidity of three patents and for unfair competition against defendant American Aerovap, Inc. (hereafter "Aerovap"). Defendant claims that it had not made any threats or claims, express or implied, prior to institution of this action, that Remington's product infringed defendant's, and therefore no justiciable controversy exists.

Plaintiff Remington and defendant manufacture vaporizers for dispensing insecticide into a ventilated room to destroy or control flies, mosquitoes and other insects. In April 1950, Aerovap brought an action for unfair competition against Remington in the United States District Court for New Jersey based upon alleged copying of the Aerovap vaporizer. The trial in that case was completed over nine months ago, but the matter is still awaiting decision. Aerovap was granted a preliminary injunction in that action restraining Remington from making or selling its form of vaporizer at that time. Remington has since redesigned its units to try to avoid the unfair competition charge.

Aerovap's first patent, Design Patent No. 158,552 was granted on May 16, 1950. The second patent on the structure of the Aerovap vaporizer was granted February 6, 1951, and the third and most important patent on a process of vaporizing insecticide lindane was issued on February 13, 1951. Plaintiffs filed suit on February 19, 1951.

In the prosecution of its third patent David H. Christopher, defendant's General Manager, filed an affidavit in which he stated that "My company desires to obtain its patent at the earliest possible moment for the purpose of testing the issues of validity and infringement against this competitor (Remington) in Court as soon as a trial may be had."

Remington, in its affidavits in opposition to defendant's motion, states that in November and December of 1950, and in January 1951 reports came from its distributors and prospective distributors that Aerovap was asserting that Remington would be put out of business by an injunction proceeding that Aerovap would bring based on Aerovap's patent rights. On February 6, 1951 it is alleged that Herbert Gumprecht, a director of defendant, attempted to induce Joseph G. Budd, a factory representative of Remington, to work for Aerovap, and that he stated that within ten days "an atomic bomb" in the form of a patent lawsuit would hit Electro-Vap Corporation and that Remington would be brought into the suit and fought to the last measure. Therefore plaintiffs filed their complaint on February 19, 1951.

Four days after plaintiffs brought their action, defendant started suit in the United States District Court for the Southern District of Florida, Miami Division, for infringement of the third patent, against Electro-Vap Corporation and what appears to be three of Electro-Vap's customers, Porbur Corporation, the Saxony Hotel, and the Sovereign Hotel.

Electro-Vap Corporation is Remington's Florida distributor and a plaintiff in this action, and Porbur Corporation has been added as a party plaintiff in the action.

For a declaratory judgment action to be maintained, "there must be at least the ripening seeds of * * * a controversy, that is, a state of facts indicating threatened litigation, in the immediate future, which seems unavoidable, concerning the respective legal rights of the

parties." 1 Corpus Juris Secundum, Actions, § 18, p. 1026. Counsel for Aerovap concedes that a direct threat of suit is not required for a justiciable controversy to exist. Furthermore there seems to be little doubt but that defendant has been planning to sue Remington and its customers for some time. Defendant seems to complain because its plans "leaked out" despite careful preparation against such "leakage" and that thereby plaintiffs, as Christopher puts it in his affidavit dated February 21, 1951 "beat us to the punch".

■ If there were any doubts as to the existence of a justiciable controversy at the time suit was brought, such doubts would be dispelled by the bringing of defendant's action four days later and its subsequent advertising and infringement notices to Remington's customers. E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 1939, 102 F.2d 105.

Aerovap evidently was jockeying for position and had hoped to bring its action in Florida first. Its chagrin at having lost the battle for position cannot support a motion for summary judgment. Defendant's motion for summary judgment is therefore denied.

■ Defendant also asks that the Court ascertain at this time what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. This would require a complete trial at this time. Defendant can obtain most if not all of its request by discovery procedure and requests for admissions. Accordingly defendant's motion is denied in its entirety.

Plaintiffs have moved for an order:

1. Granting leave to plaintiffs to file and serve a Supplemental Complaint. This has been consented to.

2. Enjoining defendant, its directors, officers, employees, agents, distributors, and others controlled by or in privity with any of them

(a) From prosecuting or taking any further steps in the prosecution of Civil Action No. 3672-M in the United States District Court for the Southern District of Florida, Miami Division, entitled American Aerovap, Inc. v. Sax Enterprises, Inc. et al., until final adjudication of the present action.

(b) From publishing, advertising or otherwise disseminating in any manner, whether orally or in writing, any statements to the effect that the Remington Automatic Insect Control vaporizer is not reliable or is unsafe.

(c) From annoying, harassing or intimidating customers or prospective customers of plaintiffs Remington or Electro-Vap or of other distributors of Remington, by threatening or commencing suits for infringement of any of the patents involved in the instant action.

Plaintiffs' motion to stay the Florida action can be decided, as defendant indicates in its brief, by determining which jurisdiction can best serve the ends of justice. See Kerotest Mfg. Co. v. C-O Two Fire Equipment Co., by the Court of Appeals for the Third Circuit, 189 F.2d 31.

Basically this contest is between Remington and Aerovap, the two competing manufacturers. Remington is a New Jersey corporation with its headquarters in Elizabeth, New Jersey, and Aerovap is a New York corporation with its headquarters in New York City. The distributors and customers of Remington in Florida are only indirectly concerned. The distributor Electro-Vap Corp. and the customer Porbur Corp. sued in the Florida action are both parties plaintiff in this action. The other defendants in the Florida action are two hotels which were customers just as was Porbur Corp. Remington, the manufacturer, and party most interested, is not a defendant in the Florida action. The Florida action furthermore only raises the issue of infringement of Aerovap's process patent.

■ On the other hand the action in this Court brings together all the parties interested in the action,—Remington, Aerovap, a distributor of Remington, and a consumer. The present action includes all the issues of the Florida action plus additional issues relating to the first two

648

patents, unfair competition, and false advertising (added by the supplemental complaint) which issues cannot be decided in the Florida action. Aerovap can counterclaim in this action for infringement against either Remington, an admitted user of its own vaporizer, or against Electro-Vap Corporation or Porbur Corporation or all of them. There appears to be no venue question concerning defendant's right to counterclaim for infringement, General Electric Co. v. Marvel Rare Metals Co., 1932, 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408, but in any event Remington has expressly waived any objection to venue with respect to a charge of infringement against it.

■ Furthermore it is the general rule that where two actions are simultaneously pending relating to the same patent, the action first instituted should be proceeded with and the other action stayed pending determination of the action first filed, unless some compelling reason exists for departure. Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012; Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925. The action in this district was commenced first, and no compelling reason exists for departure from the general rule.

There can be no dispute therefore that the ends of justice can be served best in this jurisdiction and therefore part 2(a) of plaintiffs' motion is granted and the defendant is enjoined from prosecuting or taking any further steps in the prosecution of its Florida action, until the action in this Court is determined.

In its advertisements Aerovap makes the following statement: "The equipment used for practicing the infringing method lacks the engineering refinements which alone assure at all times both reliable control of the pests and safety to the occupants of the room."

■ This evidently refers to Remington's product and is disparaging in nature rather than mere "puffing", and is hereby enjoined pending trial. (See Restatement, Torts, Sec. 629 et seq.)

The following statement is also made: "Insect control by the revolutionary Aerovap method with complete safety to employees, vistors and guests can be obtained only by use of the genuine Aerovap".

■ Though this is on the border between "puffing" and disparagement by reason of the use of the word "only", I feel that for the purpose of this preliminary motion, I cannot say that it is clear disparagement.

■ Based upon the above distinction between "puffing" and disparagement Aerovap is enjoined pending trial from publishing, advertising or otherwise disseminating in any manner any statements to the effect that the Remington vaporizer is not reliable or is unsafe.

■ Plaintiffs also ask that Aerovap be enjoined from threatening customers of Remington with patent infringement suits. Defendant has sent infringement notices to persons dealing with the Remington product, and has inserted such notices in its advertisements. This is proper absent a showing of bad faith. Virtue v. Creamery Package Mfg. Co., 8 Cir., 1910, 179 F. 115; Magnetic Engineering & Mfg. Co. v. Dings Mfg. Separator Co., 2 Cir., 1950, 178 F.2d 866, 868. If Aerovap unduly delays the trial of the action in this district, a question of good faith might then arise. However, it has a right to give notice of pending litigation and possible infringement, and to bring suit against any alleged infringers though such suits if brought may be stayed pending determination of this action. I cannot say therefore, at this time, that defendant's conduct is motivated by bad faith.

Accordingly, part 2(c) of plaintiffs' motion is denied.

The remainder of plaintiffs' motion is granted to the extent indicated.

Defendant's motion is denied.

Settle an order on notice.