**John B. POWELL, Plaintiff,**

v.

**AMERICAN EXPORT LINES, Inc.,**
**Defendant.**

United States District Court
S. D. New York.

Sept. 4, 1956.

Cooper, Ostrin & DeVarco, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant.

DAWSON, District Judge.

This is a motion brought by the defendant to dismiss the action upon the ground that there is another action pending between the same parties, seeking the same relief, in the United States District Court for the Eastern District of Pennsylvania or, in the alternative, staying this action pending determination by the Pennsylvania District Court of the action now pending before it.

It appears to be undisputed that the action in Pennsylvania between the same parties grows out of the same alleged accident and seeks essentially the same relief that is sought in the instant action. The Pennsylvania action was started on September 1, 1955. It is asserted by the defendant that the action in Pennsylvania is now ready for trial.

The instant action was started in this Court on June 20, 1956. Plaintiff states that it is intended to dismiss the action in Pennsylvania, but it appears that the action is still pending there.

█ The law is clear that the pendency of an action in a Federal Court in one District between the same parties, and relating to the same subject matter, is not pleadable in abatement of a subsequent action in a different District. 1 C.J.S., Abatement and Revival, § 66, p. 100.

█ However, it would be an imposition upon both the defendant and the Courts to have a plaintiff press the same cause of action simultaneously in different Districts, thereby causing the defendant to engage different firms of counsel and causing the Court Calendars to be clogged with duplicate actions. The power to stay proceedings is incident to the power inherent in every Court to control the disposition of cases on its Docket. If this cause of action is now before a Federal Court in another District, it would be a waste of time to have this Court consider it and, under the circumstances, it would be proper that this

Court stay all proceedings in the present action until some disposition of the matter is made by the Pennsylvania District Court. Culbertson v. Midwest Uranium Co., D.C.Utah 1955, 132 F.Supp. 678.

■ Plaintiff urges that the action in Pennsylvania will be dismissed or withdrawn. The dismissal or withdrawal of the case may, of course, depend upon such conditions as that Court may wish to impose, since it has the initial jurisdiction of the cause of action. Until it is dismissed, withdrawn, or determined, further proceedings in the instant action pending in this Court should be stayed.

It is therefore ordered that all proceedings in this action be stayed pending a final determination or other disposition of the action between the parties already commenced in the United States District Court for the Eastern District of Pennsylvania.