NATIONAL EQUIPMENT RENTAL,
LTD., Plaintiff-Appellee,

v.

A. L. FOWLER, D. O. Thomas, and E. O.
Thomas, Individually and doing busi-
ness as Fowler Poultry & Egg Co., De-
fendants-Appellants.

No. 33, Docket 26203.

United States Court of Appeals
Second Circuit.

Argued Nov. 14, 1960.

Decided Feb. 8, 1961.

Wilbur G. Silverman, Jamaica, N. Y., for plaintiff-appellee.

Harry LeRoy Schulman, Brooklyn, N. Y. (Besse E. Kessler, Brooklyn, N. Y., on the brief), for defendants-appellants.

Before LUMBARD, Chief Judge, and WATERMAN and MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

On November 5, 1958 National Equipment Rental, Ltd. (National), a New York corporation, commenced an action in the U. S. District Court for the Eastern District of New York against A. L. Fowler, D. O. Thomas and E. O. Thomas, individually, all residents of Alabama, and there doing business as Thomas & Fowler Poultry & Egg Co. (Thomas). The complaint alleged that Thomas had defaulted in the payment of agreed monthly rentals provided for in a written lease of ice making equipment. Service of the court's process was made in New York upon a process agent whom Thomas had designated in the agreement. Thomas appeared generally. Issue was joined on December 8, 1958 when Thomas filed an answer denying the material allegations of the complaint and alleging two additional separate affirmative defenses, first, a rescission because of National's initial breach of the terms of the agreement, and second, a counterclaim for Thomas's own damages that followed from National's alleged initial breach. National served its reply to this answer and moved for summary judgment. The motion was denied on January 14, 1959. Thereafter a notice and order for a pretrial conference to be held on May 20, 1959 was mailed to all attorneys on March 12, 1959.

On April 27, 1959, after receipt of this pretrial conference order, Thomas commenced an action against National, based upon the same lease agreement, in the U. S. District Court for the Northern District of Alabama, alleging National's breach of the terms of the lease, and fraud in its inducement. Service upon National was made by delivering the process to Alabama's Secretary of State pursuant to an Alabama statute. National moved to quash this service. The motion was denied. National then moved the Alabama court to stay prosecution of this Alabama action and for a transfer of the case to the Eastern District of New York where the prior action between the parties, upon which issue had been joined, was still pending. This motion, too, was denied. It was now the Alabama court's turn to order a pretrial conference; and on January 21, 1960 the Alabama court did so, setting it for February 15, 1960, National being ordered to file an answer to Thomas's complaint prior to that date.

Thereupon, on January 25, 1960, National moved in its 1958 case in the Eastern District of New York for an order to enjoin Thomas from proceeding further in Thomas's 1959 Alabama action and to transfer this latterly commenced Alabama action to the Eastern District of New York, there to be consolidated with the earlier action for trial. This motion was heard by Judge Rayfiel and was granted in all respects by him. He also directed the clerk of the Alabama court to forward all papers in the Alabama case to the Eastern District of New York. It is from this order that Thomas appeals.

The appellants (Thomas) maintain that Judge Rayfiel abused his discretion when he enjoined appellants from further prosecuting their Alabama action; and further maintain that he lacked power to order that action transferred to New York and to order it consolidated for trial with the prior New York action in New York.

■ 28 U.S.C. § 1292(a) (1) grants us jurisdiction to hear the appeal from the granting of the injunction even though it be an interlocutory order. Ordinarily an interlocutory order granting or denying a motion to transfer is not appealable, but here even that portion of the order below is reviewable because from the grant of an interlocutory injunction. Barber-Greene Co. v. Blaw-Knox Co., 6 Cir., 1957, 239 F.2d 774. See Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 286–287, 61 S.Ct. 229, 85 L.Ed. 189; American Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 1947, 161 F.2d 956, 958.

I

We affirm the portion of the order that enjoined appellants from further prosecuting their Alabama action. This was a sound exercise of judicial discretion.

■ Of the two causes of action which appellants allege in their Alabama action, the first is identical to appellants' defensive counterclaim in the prior, the New York, action; the second, fraud in the inducement of the agreement, arises from the same transaction of lease, and is pleadable in the New York action as a compulsory counterclaim. Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C.Appendix, 1958 Ed.; United Artists Corp. v. Masterpiece Productions, 2 Cir., 1955, 221 F.2d 213, 216; Lesnik v. Public Industrials Corp., 2 Cir., 1944, 144 F.2d 968, 975. See Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750. Penalty for failure to assert a compulsory counterclaim is the preclusion of a later assertion of that claim, the purpose of the compulsory counterclaim device

being to bring all logically related claims into a single litigation, thereby avoiding a multiplicity of suits. See Lesnik v. Public Industrials Corp., supra.

■ Judge Rayfiel by enjoining further prosecution of the Alabama action was protecting the jurisdiction his court had obtained some five months prior to commencement of that second action. The bulk of authority supports the position that when a case is brought in one federal district court, and the case so brought embraces essentially the same transactions as those in a case pending in another federal district court, the latter court may enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case. Martin v. Graybar Electric Co., 7 Cir., 1959, 266 F.2d 202; Remington Products Corp. v. American Aerovap Inc., 2 Cir., 1951, 192 F.2d 872; Food Fair Stores v. Square Deal Market Co., 1951, 88 U.S.App.D.C. 176, 187 F.2d 219; Chicago Pneumatic Tool Co. v. Hughes Tool Co., 10 Cir., 180 F.2d 97, certiorari denied 1950, 340 U.S. 816, 71 S.Ct. 46, 95 L.Ed. 600; Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012; Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925, certiorari denied 1942, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211. See Barber-Greene Co. v. Blaw-Knox Co., supra. This necessarily follows from the basic proposition that the first court to obtain jurisdiction of the parties and of the issues should have priority over a second court to do so, Joseph Bancroft & Sons Co. v. Spunize Co. of America, 2 Cir., 1959, 268 F.2d 522. Sound judicial discretion dictates that the second court decline its consideration of the action before it until the prior action before the first court is terminated. See Powell v. American Export Lines, D.C.S.D.N.Y.1956, 146 F.Supp. 417; Culbertson v. Midwest Uranium Co., D.C.D.Utah 1955, 132 F.Supp. 678.

■ Nevertheless, the Alabama court refused to stay proceedings [1] there

---

1. In support of their claim that Judge Rayfiel abused his discretion, appellants

place great reliance on the fact that the Alabama court refused to grant this stay.

and, as a result, the New York court was threatened with loss of control over the case pending in New York even though the New York case anticipated the Alabama case by months, all parties had submitted to New York jurisdiction, issue had been joined on the merits and the case was ripe for pretrial or for trial itself. Moreover, a final adjudication upon the New York action would leave nothing for determination in Alabama. One cause of action alleged in the Alabama proceeding was already before the New York court in the form of a defense counterclaim. The second, that of alleged fraudulent inducement, was properly pleadable as a compulsory counterclaim and, whether pleaded or not, the adjudication in the New York action would be a final disposition of that claim.[2]

In these circumstances Judge Rayfiel's action was an exercise of sound judicial discretion; in fact the situation was a perfect one for the issuance of the injunction he issued. As Judge Parkinson said in Martin v. Graybar Electric Co., supra, 266 F.2d at page 204:

"Two simultaneously pending lawsuits involving identical issues and between the same parties, the parties being transposed and each prosecuting the other independently, is certainly anything but conducive to the orderly administration of justice. We believe it to be important that there be a single determination of a controversy between the same litigants and, therefore, a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter, and an injunction should issue enjoining the prosecution of the second suit to prevent the economic waste involved in duplicating litigation which would have an adverse effect on the prompt and efficient administration of justice unless unusual circumstances warrant."

## II

■ Though we affirm the issuance of the injunction we reverse that portion of the lower court's order directing that the Alabama case be transferred to the Eastern District of New York and ordering it to be consolidated with the New York case there.

In the first place, the injunction order obviates the necessity for the transfer order. The counterclaim for breach of the agreement (the first Alabama cause of action) will have been adjudicated. The second Alabama cause of action, that for fraudulent inducement, will be precluded unless appellant gets leave of the lower court pursuant to Rule 13(f) to amend its answer to include this claim.

■ Moreover, Judge Rayfiel lacked power to transfer the Alabama action. 28 U.S.C.A. § 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought." It seems clear that this language presupposes that the action to be transferred is pending in the transferor court. The

They argue that, as a matter of comity, Judge Rayfiel should have accepted the ruling of the Alabama court and out of respect to the Alabama court should not have enjoined the Alabama plaintiffs. Of course appellants would disregard the fact that the Eastern District of New York had full jurisdiction over the Alabama plaintiffs months before the Alabama action was commenced. But, ignoring that fact, the Alabama holding was not *res judicata* as to the parties inasmuch as it was an interlocutory order and was not made upon the merits. Moreover, the two courts involved were courts of coordinate jurisdiction. See Hoffman v. Blaski, 1960, 363 U.S. 335, 340, footnote 9, 80 S.Ct. 1084, 4 L.Ed.2d 1254. Although Judge Rayfiel may well have accepted the Alabama holding, he was not required to, and on the basis of the circumstances involved in this case we think this choice was a wise one indeed. See Emerson Electric Mfg. Co. v. Emerson Radio & Phonograph Corp., D.C.D.N.J.1956, 141 F.Supp. 645.

2. The claim is still pleadable upon proper showing that justice requires it. Fed. Rules Civ.Proc. Rule 13(f).

administration of justice would be chaotic indeed if one district court could order another to divest itself of jurisdiction and to transfer a case properly before it. An application for such an order of removal was denied in Facen v. Royal Rotterdam Lloyd S. S. Co., D.C.S.D.N.Y. 1952, 12 F.R.D. 443. The attempted consolidation of the two cases for trial is even more questionable. Rule 42(a) of the Federal Rules of Civil Procedure provides for consolidation only where the two actions "are pending before the court." By no stretch of the imagination can the Alabama action be considered as now pending before the New York court, Schwartz v. Kaufman, D.C.E.D.N.Y.1940, 46 F.Supp. 318; Facen v. Royal Rotterdam Lloyd S. S. Co., supra; and, as we have pointed out, the New York court lacks power to transfer it.

Affirmed in part and reversed in part.

LUMBARD, Chief Judge (concurring in part and dissenting in part).

The principles of comity and judicial economy seem to me to require us to hold that National's decision first to litigate in the Alabama federal court the question of where the dispute should be tried precluded it from raising the question again in the Eastern District of New York after the Alabama federal court had ruled against it.

We are all agreed that a district court may protect its own jurisdiction by enjoining parties from subsequently litigating the same controversy before another district court. E. g., Remington Products Corp. v. American Aerovap, Inc., D.C.S.D.N.Y., 97 F.Supp. 644, affirmed 2 Cir., 1951, 192 F.2d 872; Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F. 2d 925, certiorari denied 1942, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211; see Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 1952, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. Had National moved first in the Eastern District for an injunction restraining Thomas from proceeding in Alabama, the district judge could have issued such an order; under certain circumstances a refusal to do so might even amount to an abuse of discretion. Cresta Blanca Wine Co. v. Eastern Wine Corp., 2 Cir., 1944, 143 F.2d 1012.

In this case, however, the issue of whether the case should be litigated in Alabama or in the Eastern District of New York had first been tested by National in the Alabama district court. National moved to quash the service of summons upon it in Alabama and this motion was denied on December 10, 1959. National then moved in Alabama to dismiss the complaint, or in the alternative, for a stay of the action in the Alabama federal court or for a transfer of the action to the Eastern District of New York. These motions were denied in an order dated January 21, 1960. The prior proceedings in Alabama must be considered in deciding whether the order now being appealed was proper.

Whether a district court should enjoin a later proceeding in order to preserve its own jurisdiction is a matter resting in the discretion of the court. Tyrill v. Alcoa S. S. Co., D.C.S.D.N.Y.1958, 172 F.Supp. 363, affirmed 2 Cir., 1959, 266 F.2d 27. Similarly, a court which is asked to stay its own proceedings or is requested to refuse a declaratory-judgment suit until the merits of the same controversy are determined elsewhere is required to exercise its discretion. See Powell v. American Export Lines, Inc., D.C.S.D.N.Y.1956, 146 F.Supp. 417; Hammett v. Warner Bros. Pictures, Inc., 2 Cir., 1949, 176 F.2d 145; Crosley Corp. v. Westinghouse Electric & Mfg. Co., 3 Cir., 1942, 130 F.2d 474, certiorari denied 1942, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546. Among the elements to be weighed are the convenience of the parties and the possibility of joining all those needed for a complete determination, the effectiveness of relief which can be afforded by each court, and the convenience of witnesses, as well as the priority-of-action rule, and this last factor "is not to be applied in a mechanical way regardless of other considerations." Hammett v. Warner Bros. Pictures, Inc., supra [176 F.2d 150]. The issue before us, there-

fore, is whether, by enjoining the proceedings in Alabama after the district court in Alabama had considered and rejected National's contentions, Judge Rayfiel abused his discretion. I would hold that he did.

The policy behind the principle of *res judicata* is rooted in the need to put an end to litigation. Thus, one who "voluntarily appears, presents his case and is fully heard" should "be thereafter concluded by the judgment of the tribunal to which he has submitted his cause." Baldwin v. Iowa State Traveling Men's Ass'n, 1931, 283 U.S. 522, 526, 51 S.Ct. 517, 518, 75 L.Ed. 1244. The technical rules controlling the application of the doctrine of *res judicata* may indeed prevent it from applying here since the Alabama order was merely interlocutory, but the principles supporting the rule are surely applicable to the decision made in this case by the district court in Alabama. National chose to present to the Alabama court its contention that the entire action be concluded in the Eastern District of New York. It then had the opportunity to urge that court to stay its own proceeding because of the priority-of-action rule and other considerations. There is no basis in the record for presuming that the court in Alabama did not weigh all these elements in passing on the motions, which called for an exercise of the court's discretion. Nor is there any showing made in this court or below that such discretion was abused, even assuming *arguendo* that it would be proper for this court to consider such a claim. What the majority affirms, therefore, is a procedure which grants the plaintiff two federal forums in which to present the very same contentions addressed to the court's discretion. If he prevails in either of the two, he is given the relief he desires.

Not only is such double litigation unfair to the party forced to rebut the same arguments in two proceedings before different courts, but it presents an opportunity for unseemly conflict between coordinate federal courts and causes wasteful delay in judicial administration. In Hoffman v. Blaski, 1960, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254, the Supreme Court held that with regard to a question of statutory construction, a decision made by one Court of Appeals was not binding on a court sitting in another circuit which was asked to construe the same statute in the same case. The question there was one of law, and since the first decision was not *res judicata*, the Court of Appeals hearing the second application was free to apply the law as it understood it. Here, however, both the Alabama and New York motions were addressed to the discretion of the court, and the Alabama court, to which the first application was made, exercised its discretion after a full hearing in favor of the defendant. It was improper for the New York court to consider the same issue and decide that the balance of convenience favored the New York proceeding. The forceful dissent written by Justice Frankfurter, with whom Justices Harlan and Brennan joined, in Hoffman v. Blaski, 363 U.S. at pages 345–350, 80 S.Ct. at pages 1090–1093, seems particularly persuasive in a case such as this one, in which two motions addressed to the discretion of the court are presented successively to district courts in different circuits.

National chose to present its reasons for consolidation of the cases to the district judge in Alabama. Having been refused there, the next step it should have been required to take if the administration of justice is not to descend to chaos, was to seek review of that decision in the proper court. A district court's refusal to stay proceedings or to transfer may not be a final appealable order under 28 U.S.C. §§ 1291, 1292, but both this circuit and the Fifth Circuit would grant relief by mandamus if the district court's action amounted to an abuse of discretion. Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329, 330; Ex parte Chas. Pfizer & Co., 5 Cir., 1955, 225 F.2d 720; see International Nickel Co. v. Martin J. Barry, Inc., 4 Cir., 1953, 204 F.2d 583, 585. See also La Buy v. Howes Leather Co., 1957, 352 U.S. 249,

259–260, 77 S.Ct. 309, 1 L.Ed.2d 290. National, however, instead of testing whether the Alabama district judge had abused his discretion, preferred to move for the same relief in another circuit. This, I believe, it should not be permitted to do.

Nor is Rule 13(a) of the Federal Rules of Civil Procedure authority for holding that it is proper for a district court to enjoin a proceeding elsewhere regarding a claim which would be a compulsory counterclaim to an action pending before the court issuing the injunction. For the reasons stated above, I would hold that under the present circumstances, even if the second action were identical to the first, the first court could not reconsider what had been presented for the discretion of the second court and decided by it. But even absent a determination by the second court, the fact that a claim which would be a compulsory counterclaim in the first action is being asserted in the second should not justify the first court's issuance of an injunction. The penalty for failure to assert a compulsory counterclaim is that "if the action proceeds to judgment without the interposition of a counterclaim * * * the counterclaim is barred." Notes of Advisory Committee on Rules, Rule 13, Note 7. Assertion of the claim before judgment is not prohibited, and there is no authority in the Rules for enjoining the separate prosecution of compulsory counterclaims elsewhere than in the federal court where the first claim is filed. The possibility of double litigation must be avoided by the exercise of judicial restraint by courts which are asked to stay proceedings instituted after the first complaint regarding any transaction or occurrence, or by the issuance of injunctions against parties initiating such proceedings when the balance of convenience is in favor of a full disposition of all issues in the first forum. But to issue an injunction entirely on the basis of the compulsory counterclaim rule would unduly subordinate all other considerations to the priority-of-action principle, since it would be the first forum where the transaction or occurrence is made the subject of litigation that would control all claims arising out of it.

I agree with the majority that the district court's directives that the Alabama case be transferred and consolidated were erroneous.

For these reasons I would reverse the order of the district court in all respects.