**Frank CAMERO, Plaintiff,**

v.

**Robert S. McNAMARA, Secretary of Defense, Defendant.**

**Civ. A. No. 32300.**

United States District Court
E. D. Pennsylvania.

Sept. 25, 1963.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe and Francis R. Crumlish, Philadelphia, Pa., for defendant.

BODY, District Judge.

This Court has jurisdiction of the within action under 28 U.S.C. § 1361 and § 1391(e), and 28 U.S.C. § 2201 and § 2202. Plaintiff seeks reinstatement in his federal job and a declaratory judgment to the effect that he was wrongfully discharged. Whether plaintiff seeks back pay here is uncertain since his prayer is not specifically so worded. However, he does seek "such further relief as is appropriate".

On June 29, 1961 plaintiff filed a claim in the Court of Claims (No. 192–61) alleging that his separation was arbitrary, capricious, grossly erroneous, and that the decision of the Civil Service Commission not to hear his appeal was arbitrary, capricious, and contrary to law. On October 5, 1962 Congress passed the Act giving this District Court jurisdiction.

On November 6, 1962 the plaintiff filed his complaint in the instant suit. Subsequently on March 13, 1963 the defendant filed a motion for general continuance which is now before this Court. On March 20, 1963 plaintiff sought suspensation of the proceedings in the Court of Claims, and on April 12, 1963 the action was suspended on plaintiff's motion in the Court of Claims, pending disposition of the defendant's motion for a general continuance.

The first position the defendant takes is that the plaintiff is guilty of laches in filing his action in this Court. In that regard the defendant states that three years elapsed between the removal date (May 29, 1959) and suit in this Court (November 6, 1962). Actually, the real question of laches arises in the following manner: When the action was commenced in the Court of Claims plaintiff could not be said to have been guilty of anything like laches for up until that time it clearly appears that the plaintiff prosecuted his action diligently. However, after the action was filed in the Court of Claims, a long period elapsed before it was filed in this Court. This is the proper time to which to look in order to ascertain whether or not laches exist.

In the action in the Court of Claims the plaintiff is entitled to a back pay award only. Borak v. United States, 78 F.Supp. 123, 110 Ct.Cl. 236 (1948); cert. den. 335 U.S. 821, 69 S.Ct. 43, 93 L.Ed. 375 (1948). In the action in this Court the plaintiff is entitled to reinstatement, i. e., the action is equitable rather than merely legal. At the same time he filed his action in the Court of Claims, the plaintiff could have filed a similar action in the District Court for the District of Columbia seeking the exact relief which he now seeks here. Therefore, if there are laches they must be predicated upon the fact that the plaintiff failed to seek a remedy which was available to him almost two years ago. As bearing on this issue see Kohlman v. Smith, 71 F.Supp. 73 (W.D.Pa.1947). In that case the delay of about two years under similar circumstances between an adverse administrative decision and the seeking of the reinstatement remedy in the Federal District Court was held to constitute laches.

The plaintiff's theory is that as long as the defendant is on notice of a claim and on notice of the issues which it will have to defend, it is not prejudiced by delay and therefore, there are no laches because laches depend on prejudice being suffered on the part of the person asserting them. However, it must also be remembered that while the plaintiff was seeking only back pay in the Court of Claims action, he seeks here reinstatement. Therefore, the defendant did not have to prepare a defense based on rein-

744

statement until the institution of the action here.

The plaintiff's counter to this proposition is that the defendant had sought to agree to the reinstatement if the action in the Court of Claims for back pay was favorable to the plaintiff. Since the defendant so stipulated it would appear that there is no longer an issue of reinstatement for any court. Reinstatement would follow as a matter of course based upon the defendant's written stipulation as well, as will hereinafter appear, as upon the defendant's use of the stipulation to support its motion for a general continuance.

Under all the circumstances it would appear that there were laches in this case since the defendant suffered prejudice by being put to the defense of two suits, and since the plaintiff filed his action belatedly as far as reinstatement is concerned.

However, the case need not be decided as on a motion to dismiss in view of the fact that the motion for a general continuance is pending. As will appear hereinafter a granting of the latter motion will protect both parties.

An action for reinstatement is equitable in nature and even if there is a clear legal right a court of equity will not grant relief if in its sound discretion it would be improper to do so. Kay Ferer, Inc. v. Hulen, 160 F.2d 146 (8th Cir., 1947). Relief should not be granted unless the case is clear and the reasons are compelling. United States ex rel. Jump v. Ickes, 73 App.D.C. 141, 117 F.2d 769 (1940); cert. den., 313 U.S. 575, 61 S.Ct. 1088, 85 L.Ed. 1533 (1941).

The rule is that an action will be stayed in a court of concurrent federal jurisdiction which receives the case after another court already has the same action filed on its docket. National Equipment Rental, Ltd. v. Fowler, et al., 287 F.2d 43 (2d Cir., 1961). It is also the rule that a court will not order a stay in an action because another action is pending unless the issues and the parties are substantially identical. National Equipment Rental, Ltd. v. Fowler et al., supra. In this case the parties are, of course, different since here the plaintiff sues the Deputy Commissioner, whereas in the Court of Claims plaintiff sues the United States for a money judgment. However, since defendant has stipulated that reinstatement would follow as of course upon the awarding of a money judgment then it would seem that the variance in parties is one of form only. The same reasoning would apply to the issues. The issues here really are the same for it may readily be seen that if reinstatement follows by stipulation upon an award of a money judgment in the Court of Claims, then there is no need for the action in this District for reinstatement. The action here then adds absolutely nothing to the plaintiff's claim on the merits.

Turning to the other rules involving whether or not a stay may be proper, it may be seen that usually stays are granted where the convenience of the parties is best served by trying the action in a certain court. National Equipment Rental, Ltd. v. Fowler et al., supra. Here it may be seen that the Government is a party in both cases. It would serve no convenience on the part of the Government whether the action is tried here or in the Court of Claims. On the contrary, it would serve the convenience of the plaintiff if the action is tried here for the reason that the plaintiff's residence is in Philadelphia and the Court of Claims is in Washington. However, this reason alone will not sustain the denial of the defendant's motion for a stay for there are other considerations.

It is also the rule that where the propriety of the stay is in question the court will look to see where the action was first begun for it is then and there that the plaintiff chooses his forum. Forum-hopping is not encouraged. National Equipment Rental, Ltd. v. Fowler et al., supra. It appears in our case that the plaintiff could have instituted an action in the District Court for the District of Columbia, Borak v. United States, su-

pra, even though at that time he could not have instituted the action in any other District Court. The plaintiff did not choose to do this. Presumably then he was satisfied with the efficacy of his action in the Court of Claims.

Here we find the plaintiff seeking relief which he could have sought in the District of Columbia more than two years ago. His reason for the delay is that it was not convenient to sue there before and it is convenient for him to sue here now. There is no doubt that it is more convenient now. Nevertheless, this is not a case where a litigant justifiably seeks a more convenient forum. If the Government had known that it would have had to eventually defend the claim in two courts, it would have had no motive for stipulating to reinstatement. Moreover, the plaintiff received the benefit of a narrowing of the issue to the question of back pay and now has taken back the consideration the Government received for the stipulation by filing the second suit. This is not equitable conduct and should move a court of equity to deny discretionary relief.

In addition, a court of equity should not be asked to grant relief where the remedy at law is adequate. Because of the stipulation the remedy is adequate in the Court of Claims.

Also, equity abhors a multiplicity of suits and, as well, will not act if action may be unnecessary. Until the Government defaults upon its contingent promise to reinstate there is no need to seek relief in this Court. In order, however, that plaintiff be fully protected, the action will be continued generally until further order of this Court. Thus, the plaintiff may apply for an order in the nature of mandamus should the unlikely event occur and the defendant fail to abide by the stipulation.

In view of the above discussion it is unnecessary to pass upon the remaining contentions and motions of counsel.

### ORDER

And now, this twenty-fifth day of September, 1963, in accordance with the foregoing memorandum opinion, it is ordered that the motion of defendant Robert S. McNamara, Secretary of Defense, for a general continuance be and the same is hereby granted, pending further order of this Court.