**TELE–WINE, INC., Plaintiff,**

v.

**FOREMOST SALES PROMOTIONS, INC., Defendant.**

**81 Civ. 925(MP).**

United States District Court, S. D. New York.

April 10, 1981.

Amster, Rothstein & Engelberg, New York City, for plaintiff; Philip H. Gottfried, New York City, of counsel.

Brooks, Haidt, Haffner & Delahunty, New York City, for defendant; Charles A. Laff, Chicago, Ill., G. T. Delahunty, New York City, of counsel.

## OPINION

MILTON POLLACK, District Judge.

The plaintiff has moved for an order enjoining the defendant, Foremost Sales Promotions, Inc. from proceeding further with an action commenced on March 6, 1981 in the United States District Court for the Northern District of Illinois, Eastern Division, Civil Action No. 81 C 1259 (Judge Getzendanner) pending the outcome of this suit commenced February 17, 1981 in this Court.

On March 11, 1981 this Court considered the defendant's motion to stay or dismiss this action under Rule 12, Fed.R.Civ.P. In the course of its memorandum this Court wrote:

the prior pending suit ought to receive priority in equity and justice. . . .

It would therefore serve the best interests of justice if the prior pending suit were to be accorded its chronological priority and the issues therein be resolved as between the parties in New York in the first instance.

Supplemental information has been submitted by the parties herein since this Court's memorandum of March 11, 1981. That confirms by substantial and preponderating (almost conclusive) evidence that the defendant Foremost is visibly and actually present in New York and adequately satisfies the personal jurisdiction of this Court.

Foremost, based in Chicago, licenses retail stores nationally under the trademark and service mark Foremost. It licenses retail stores to use the service mark LIQUOR BY WIRE to identify its service of arranging nationwide purchase and delivery of gifts of liquor or wine sold through package liquor stores and wine shops. Its customers may send liquor or wine as gifts almost anywhere in the United States.

Tele-Wine similarly engages in the business of nationwide purchase and delivery of wine and champagne through retailers under the service mark WINES BY WIRE.

Both parties' services are conducted primarily by telephone, through advertisements sent to liquor stores and wine shops, customers and recipients of their service. Each party hereto services the other's geographical home base.

Although both concerns were operating to the knowledge of the other for at least upwards of one year, it was not until about September 1980 that Foremost began to demand that Tele-Wine discontinue its use of the phrase WINES BY WIRE. After correspondence back and forth between lawyers for the presumed rivals, Tele-Wine filed this suit to clear the air by declaratory judgment that there was no infringement of Foremost's mark. The latter's counsel views this as a breach of faith—it was done without warning—he says—while the letters between the lawyers passed back and forth. Tele-Wine's counsel explains simply that Foremost wanted the former to close

down its method and name of operation which Tele-Wine was just not about to do.

Tele-Wine instructed the marshal to serve process on the establishment in New York doing business as "Foremost Sales Promotions" under the defendant's logo and with every superficial indication that it was doing business in New York—its mark is registered in New York. It turns out that the New York establishment is an affiliate of the Chicago enterprise; it is alleged to be a trade-named enterprise and is admittedly a "partner" of the defendant, but claims not to be a participant in that segment of its partner's business described as LIQUOR BY WIRE. If so, there is ample confusion and possible deceptive publicity involved. The facts and photographs submitted hereon give prima facie indication of the superficial sameness of the two businesses.

The defendant Illinois corporation has accepted service of process in this case so there is no question that this Court has personal jurisdiction of the parties.

Naturally, this Court has not and has no intention of deciding whether the Illinois Court has personal jurisdiction of Tele-Wine. In this Court's earlier memorandum, it was merely echoing Tele-Wine's submission at that time that it was not amenable to the Illinois Court's jurisdiction—an assertion not very strongly or convincingly denied at that time by Foremost. But, that was not in issue on Foremost's application to this Court to dismiss the complaint herein. Unfortunately, this Court's mention of the matter appears to have created some confusion.

Irrespective of whether Tele-Wine is present in Illinois, two substantially identical litigations should not proceed simultaneously on the same substantive issues in two District Courts of the United States.

Foremost has chosen to become a partner in a liquor distribution business in New York named on its premises and operating under its logo and clearly holding itself out as being present in New York, so far as public appearances are concerned. It is admitted by the President of the Illinois com-

pany that, Foremost is a partner with Mr. Clifford Sandelman d/b/a Foremost Sales Promotions of New York. As partners they are tied together, business-wise and by name, admittedly, using basically the same trade name, mark and service arrangements and this renders the Illinois enterprise sufficiently amenable to the jurisdiction and the disposition of the issues here.

Foremost presses the point that an Illinois Court would find that it has personal jurisdiction over Tele-Wine in Illinois because of the "business" allegedly transacted there and because of the commission of the alleged tortious acts of interfering with Foremost's trademark and service mark. However, Tele-Wine with equal force ascribes similar misconduct in New York to Foremost. Additionally however, as noted, in Tele-Wine's favor, Foremost is in partnership in New York with the New York establishment of the same publicized name [omitting "Inc."] which seemingly was advertent and consistent with the public image of sameness of the two organizations.

The Court has carefully considered the superficial aspects of the rival trade marks and service marks as well as the competitive claims respecting the convenience of parties, witnesses and the interests of justice and finds that these would be best served by administering the controversy between the parties in New York. Even if all else were only a stand-off between the parties, the forum would belong to the earlier commenced action.

In *National Equipment Rental, Ltd. v. Fowler*, 287 F.2d 43, 45 (2d Cir. 1961), the Court ruled:

> The bulk of authority supports the position that when a case is brought in one federal district court, and the case so brought embraces essentially the same transactions as those in a case pending in another federal district court, the latter court may enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case. 287 F.2d at 45.

Similarly, in *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969), the Court wrote:

The general rule in this Circuit is that, as a principle of sound judicial administration, the first suit should have priority, "absent the showing of balance of convenience in favor of the second action," *Remington Products Corp. v. American Aerovap, Inc.*, 192 F.2d 872, 873 (2d Cir. 1951)

On consideration of all the significant tests, the parties should proceed in this suit and the defendant, Foremost Sales Promotions, Inc., should be and hereby is stayed and enjoined from proceeding in the Illinois suit against Tele-Wine on the same subject matter.

SO ORDERED.