**PATRICK WELLS, Plaintiff**

v.

**DAVID ROCKEFELLER, LAURANCE ROCKEFELLER, ROCKRESORTS, INC., a corporation, FOUNTAIN VALLEY CORPORATION, a corporation and ESTATE FOUNTAIN RIVER COMPANY, a partnership, Defendants**

Civil No. 82-212

District Court of the Virgin Islands

Div. of St. Croix

March 2, 1983

HERBERT MURIEL, ESQ., Charlotte Amalie, V.I., *for plaintiff*

GEORGE ETHRIDGE, ESQ., Charlotte Amalie, V.I. *for plaintiff*

TODD H. NEWMAN, ESQ., Christiansted, St. Croix, V.I., *for defendants*

JONATHAN MILLER, ESQ. (DEWEY, BALLANTINE, BUSHBY, PALMER & WOOD), New York, N.Y., U.S.A., *for defendants*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

The defendants in this action moved to dismiss the plaintiff's complaint, asserting that Fed. R. Civ. P. 13(a) required the plaintiff to file the pleading herein as a compulsory counterclaim to an earlier action filed by one of the defendants. The Court finds that Rule 13(a) does in fact apply, for the reasons stated herein the defendants' motion will be granted, without prejudice to an appropriate application for relief from a default judgment in the earlier case between the plaintiff and one of the defendants.

### I. FACTS

The genesis of this dispute dates back to the 1960's, when the brothers Rockefeller undertook the Fountain Valley project on St. Croix which is now the internationally renowned Fountain Valley Golf Course. It was originally anticipated that the golf course would be the centerpiece for an even larger project, including homes and a resort hotel on the 4,000 acres purchased by David and Laurance Rockefeller. The Plaintiff, Patrick Wells ("Wells"), was in the landscaping business in Florida, and was in part responsible for the landscaping at Fountain Valley.

On April 1, 1968, Defendant Fountain Valley Corporation ("FVC") and Wells entered into a lease for a 64-acre portion of the 4,000 acres, on which Wells located his landscaping facilities. In the action herein, Wells claims that defendants had agreed to a joint venture for development of the entire 4,000 acres, and that he was "duped" and "coerced" into the lease.

He seeks damages for rescission of the lease, conspiracy, malicious interference with business relationships, an equitable lien, and an accounting upon dissolution of a joint venture. There are also allegations of fraud and deceit, all apparently antedating the lease, although there is a claim of an on-going conspiracy dating from 1971.

The complaint was filed in September 1982.

Earlier, in a separate action (Civ. No. 81/310), FVC had filed a complaint against Wells for possession of real property unlawfully detained, citing 28 V.I.C. §§ 782 and 785. The lease had expired, and FVC sought possession of the property. Apparently, although serv-

ice by publication was made as of March 27, 1982, Wells was not given service by certified mail, return receipt requested, until July 19, 1982.

A default was sought on August 23, 1982, notice of which was also sent to Wells, and, finally, an order was entered on September 29, 1982, granting restitution of the 64-acre parcel to FVC, Wells never having appeared in that action in any manner, shape or form. His response to that action was the filing of his separate suit before entry of the default judgment granting restitution of the premises.

## II. DISCUSSION

### A. *Does Rule 13(a) Apply?*

The defendants argue in this motion that Wells should have filed a counterclaim in the earlier action, and because he did not, he is barred from maintaining this action. Wells states that he did not think he had a legal right to file a counterclaim in an action for forcible entry and detainer under Virgin Islands law, and thus he filed separately.

This Court need not spend a great deal of time discussing whether the allegations contained in the instant complaint by Wells fall within the parameters of Rule 13(a) Fed. R. Civ. P. Obviously they do, and the attempt by Wells to argue otherwise is but elegant sophistry. The 46 paragraphs of Wells' complaint repeat, over and over, variations on a central theme: he was bilked in an occurrence and transaction involving the 64 acres which formed the lease between himself and FVC. His prayer for relief seeks rescission of that lease, an equitable lien and constructive trust over the same 64-acre parcel, damages for wrongful eviction, and restitution of the property to himself. He even describes his own version of how and why the lease came about.

In short, Wells' complaint in the instant action (1) arises out of the transaction or occurrence which was the subject matter of the earlier action by FVC; (2) it is against "opposing" parties in the prior action; (3) he had these claims at the time the prior action was commenced and (4) the assertion of these claims in the prior action would not have required the presence of third parties over which this Court could not acquire jurisdiction.

As such, it should have been asserted in the original action brought by FVC concerning the lease. Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3rd Cir. 1961); Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3rd Cir. 1978). Where an action

is brought on a lease, a tort claim arising out of the circumstances by which such lease came into being is a compulsory counterclaim. National Equipment Rental, Ltd. v. Fowler, 287 F.2d 43, 45 (2d Cir. 1961); Rosamund Harper v. Govt. of the Virgin Islands et al., 1982 St.C. Supp. (O'Brien, J., Dec. 7, 1982).

### B. *Must the Complaint Be Dismissed?*

As indicated earlier, the defendants maintain that since Rule 13(a) applies, and was not complied with, the instant complaint must be dismissed. The plaintiff argues that he could not acquire jurisdiction over all necessary parties, a claim that is frivolous in light of the fact that all necessary parties are before the Court in the instant action brought by Wells. What he did in this case, he could have accomplished earlier as well. He also suggests that because the original action resulted in a default judgment, Rule 13(a) should not apply. This is likewise frivolous.

But plaintiff makes one argument which requires discussion. He states that proceedings for forcible entry and detainer under 28 V.I.C. § 782 are summary in nature, and under § 785 of that statute, the summons is returnable within three days of service. Under the practice in the Territorial Court of the Virgin Islands, he correctly notes, no counterclaims are allowed; the case is tried on the plaintiff's complaint and any affirmative defenses which could be raised by a defendant.

Ordinarily, the Court would give short shrift to such an argument, since the rule applies only to cases brought in the Territorial Court. Indeed, actions in the District Court are governed by the Federal Rules of Civil Procedure, under § 25 of the Revised Organic Act of 1954 (48 U.S.C. § 1615). Thus, Rule 13(a) would apply, and under ordinary circumstances, the failure to assert the compulsory counterclaim earlier should result in dismissal of this later action. Every attorney practicing in this jurisdiction knows, or should know, about the applicability of the federal rules to District Court.

But matters do not end there.

This Court is reluctant to grant the defendants' motion because FVC itself did not comply with the same Federal Rules of Civil Procedure, when it brought the earlier action. That failure to comply with the rules was of such a misleading nature, it could be argued, that to grant defendants relief at this juncture would be unjust and unfair.

484

The lack of compliance by FVC occurred when FVC was unable to locate Wells in the Virgin Islands for purposes of personal service. FVC then acted pursuant to Fed. R. Civ. P. 4(d)(7) and sought an order for service by publication and certified mail, under the provisions of 5 V.I.C. § 112. This section of the Virgin Islands Code permits service by publication and certified mail under specific conditions. The Court granted the order on February 15, 1982, and FVC proceeded to publish its summons against Wells in the St. Croix Avis once a week for four consecutive weeks. FVC also mailed a copy of the summons and complaint to Wells at his last known address, and received a return receipt.

But what FVC did not do was comply with the strict provisions of 5 V.I.C. § 112(b) which states:

> (b) The summons published shall contain the name of the court and the title of the cause, a succinct statement of the relief demanded, the date of the order for service by publication, and the time within which the defendant is required to answer the complaint.

The actual notice of publication as published by FVC in the St. Croix Avis is as follows:

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

```
— — — — — — — — — — — — — — )
FOUNTAIN VALLEY CORPORATION, )
                    Plaintiff   )   CIVIL NO. 1981/310
            Vs.                 )
PATRICK J. WELLS,               )   ACTION FOR POSSESSION
                   Defendant    )   OF REAL PROPERTY
— — — — — — — — — — — — — — )   UNLAWFULLY DETAINED
```

NOTICE

TO: PATRICK J. WELLS
    P.O. Box 9644
    Ft. Lauderdale, Fla. 33310

WITHIN THE TIME limited by law (not later than three (3) days after the last publication) you are hereby required to appear before this Court and answer a Complaint filed against you in this action, and in case of your failure to appear or answer, judgment by default will be taken against you as demanded in the Complaint for Possession of Real Property Unlawfully Detained.

WITNESS MY HAND AND SEAL of this Court this 16th day of February, 1982.

NICHOLS & NEWMAN                      FRANK BLACKMAN
Attorneys for Plaintiff               Clerk of the Court
7 King Street
Christiansted, St. Croix
U.S. Virgin Islands 00820
Tel: (809) 773-3200

3/6, 13, 20 & 27

It will be noted that the summons published by order of the Court does not (1) state the date of the Court's order permitting publication nor (2) give the correct time when the summons is returnable, pursuant to 5 V.I.C. § 112(b). The summons requires a return within three days. The law, 5 V.I.C. § 112(c), requires a return within thirty days. Thus, the actions of FVC were misleading, and may well have led to the conclusion on the part of Wells and his attorneys that a response to that action would be futile, and a separate action

---

*The defendants did not include this item among their numerous exhibits, nor did they include as an exhibit the summons actually mailed to Wells. The Court takes judicial notice of both the published summons and that mailed to Wells, as part of the official file in Fountain Valley Corporation v. Patrick J. Wells, Civ. No. 81/310 (D.V.I., St. Croix). They will be considered part of the record in the proceeding herein.

486

would be necessary. Additionally, the summons sent to Wells also recites a required return of three, instead of thirty, days.

This is . . . how can I characterize it? . . . a delicious irony. The defendants unctuously attack the plaintiff in memoranda and oral argument for failure to comply with the Federal Rules of Civil Procedure, specifically Rule 13(a). Then, on closer examination of documents defendants had not filed with their motion, the Court discovers that these same defendants had failed to comply with the same Federal Rules whose application they so fervently sought to enforce against the plaintiff. Some might call it "chutzpah". What does one do with such a situation?

The case is in a unique posture in any event. Wells has not moved to reopen the default judgment to permit him to file a compulsory counterclaim under Rule 13(a). Rather than seek to reopen the original action, he asks that he be allowed to proceed with this case.

Fed. R. Civ. P. 13(f) speaks of permission, with leave of Court, to assert a counterclaim "when justice requires". It does not speak of permission to continue a second action which should have been asserted as a counterclaim in an original action. The Court has found no direct precedent which is helpful. But the language of Rule 13(f) clearly speaks in terms of permitting a party to amend its pleadings or file a responsive pleading in the original action, and not to permit the separate action filed later to proceed.

■ I have before me only the motion to dismiss the second lawsuit brought by Wells. Notwithstanding the defendants' own failure to comply with the Federal Rules of Civil Procedure, they are entitled to that dismissal because the assertions in Wells' complaint should have been made part of a compulsory counterclaim to the first action. The only remedy at this stage for Wells is for him to do what he should have done in the first place: move appropriately for relief from the default judgment originally entered. Such a motion would then be decided on the basis of the criteria applicable to such motions, and the defendants who are not part of the original action could be joined, if the Court grants relief.

Such a motion would give these defendants the right to raise all of the issues inherent in a motion to reopen a default judgment.

## CONCLUSION

The motion of the defendants for dismissal of plaintiff's complaint will be granted without prejudice to a motion by plaintiff to reopen the default judgment in Civ. No. 81/310.

487

## JUDGMENT

THIS MATTER is before the Court on motion of the defendants for dismissal of the complaint. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED AND DECREED:

1. THAT the plaintiff's complaint be and the same is hereby DISMISSED.

2. THAT the lis pendens filed by the plaintiff in the above captioned matter be and the same is hereby RELEASED.