S–FER INTERNATIONAL, INC. and
Moda Imports, Inc., Plaintiffs,

v.

PALADION PARTNERS,
LTD., Defendant.

No. 95 Civ. 1230 (JGK).

United States District Court,
S.D. New York.

Dec. 4, 1995.

Jeffrey Mitchell, Caryn L. Marcus, Fischbein, Badillo, Wagner, Itzler, New York City, for plaintiffs.

Peter D. Fenzel, New York City, for defendant.

## OPINION AND ORDER

KOELTL, District Judge:

The Complaint in this action seeks rescission of a commercial shopping center lease and guaranty and related damages based on fraud in the inducement. Plaintiffs S–Fer International, Inc. ("S–Fer") and its guarantor Moda Imports, Inc. ("Moda") filed this action on January 13, 1995 in New York State Supreme Court, New York County, and defendant Paladion Partners, Ltd. ("Paladion") removed the case to this Court. Paladion, the lessor, filed an action against S–Fer and Moda for past due rent and default of the lease on February 24, 1995 in the United States District Court for the Southern District of California (the "California action").

Before the Court are two related motions. Paladion moves to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404(a). S–Fer[1] opposes the transfer and moves instead to enjoin the pending California action pending the completion of this case. For the reasons that follow, the motion to transfer is denied and the motion to enjoin the California action is granted.

### I.

Paladion moves to transfer this case pursuant to 28 U.S.C. § 1404(a) which provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In ruling on a motion to transfer, the court should consider both the interest of the litigants and the public interest. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The interest of the litigants includes plaintiff's initial choice of forum, the convenience of the parties and the witnesses, the relative ease of access to sources of proof, the availability of compulsory process for the attendance of witnesses, the location of relevant documents and other tangible evidence, questions as to the enforceability of a judgment if one is obtained, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Id., 330 U.S. at 508, 67 S.Ct. at 843; see Red Bull Assocs. v. Best Western Int'l, Inc., 862 F.2d 963, 966–67 (2d Cir.1988); Calavo Growers of California v. Generali Belgium, 632 F.2d 963, 966–67 (2d Cir.1980), cert. denied, 449 U.S. 1084, 101

1. All references to S–Fer include both plaintiffs S–Fer and Moda.

S.Ct. 871, 66 L.Ed.2d 809 (1981); *Elite Parfums, Ltd. v. Rivera*, 872 F.Supp. 1269, 1271 (S.D.N.Y.1995); *Orix Credit Alliance, Inc. v. Brown*, No. 93 Civ. 1019, 1994 WL 392240, at *6 (S.D.N.Y. July 22, 1994); *Arrow Elecs., Inc. v. Ducommun Inc.*, 724 F.Supp. 264, 265 (S.D.N.Y.1989). The public interest includes administrative difficulties that follow from court congestion, a local interest in having localized controversies decided at home, and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action. *See Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. at 843. The party seeking the transfer bears the burden of demonstrating that the factors weigh in favor of a change in venue. *See Factors Etc., Inc. v. Pro Arts Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *Elite Parfums*, 872 F.Supp. at 1271. The plaintiff's forum choice should not be disturbed unless the balance of the factors tips heavily in favor of a transfer. *See Dwyer v. General Motors Corp.*, 853 F.Supp. 690 (S.D.N.Y.1994); *Nat'l Util. Serv., Inc. v. Queens Group, Inc.*, 857 F.Supp. 237 (S.D.N.Y.1994).

The parties agree that this action could have been brought properly in the Southern District of California originally. Jurisdiction over this action, as well as the California action, is proper based solely on diversity of citizenship of the parties. S–Fer and Moda are both New York corporations, Paladion is a California limited partnership with no New York partners, and the amount in controversy exceeds $50,000. *See* 28 U.S.C. § 1332(a)(1). Venue would be proper in the Southern District of California based on the location of the property at issue. *See* 28 U.S.C. § 1391(a)(2). Venue would also be proper in the Southern District of New York because a substantial part of the events giving rise to the claims occurred in New York. *See* 28 U.S.C. 1391(a)(2); *see also Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 872 F.Supp. 1247, 1249 (S.D.N.Y.1995) (venue may be proper in more than one district under 28 U.S.C. § 1391(a)(2)). The issue on this motion is the convenience of the parties and witnesses, and the interests of justice,

rather than a claim that either California or New York would be an improper venue.

Paladion argues that the lease that is the subject of the controversy contains a forum selection clause designating California as the appropriate venue for this action. S–Fer contends that the clause only covers actions for enforcement of the lease and that an action for fraudulent inducement directed at the validity of the lease does not fall within the meaning of the term "enforcement". The parties also present opposing views on the balance of the factors enumerated above, particularly the convenience of the parties and potential witnesses.

■ Forum selection clauses in contracts are regularly enforced. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9–10 (2d Cir.1995); *Bense v. Interstate Battery System of America*, 683 F.2d 718, 721–22 (2d Cir.1982); *Weiss v. Columbia Pictures Television, Inc.*, 801 F.Supp. 1276, 1282 (S.D.N.Y. 1992). A forum selection clause is not itself dispositive on a motion to transfer, and the district court should still examine the "public policy ramifications of transfer decisions." *Red Bull*, 862 F.2d at 967. Nevertheless, "the presence of a forum selection clause ... will be a significant factor that figures centrally in the district court's [§ 1404(a) ] calculus." *Stewart*, 487 U.S. at 29, 108 S.Ct. at 2244.

■ In this case, however, the dispute at issue is not covered by the terms of the contractual forum selection clause. The forum selection clause in the lease provides:

32.12 *Governing Law; Forum; Construction.* The laws of the State of California shall govern the validity, performance and enforcement of this Lease. Should either party institute *legal suit or action for enforcement of any obligation contained herein*, it is agreed that the venue of such suit or action shall be in San Diego County, California. Although the

printed provisions of this Lease were drawn by Lessor, this Lease shall not be construed either for or against Lessor or Lessee, but this Lease shall be interpreted in accordance with the general tenor of the language in an effort to reach the result intended by the language.

(Perrone Affirm., Ex. B (emphasis added).) The phrase "enforcement of any obligation contained herein" is a limited forum selection clause. It is narrower than the choice of law provision that immediately precedes it, which provides that California law shall govern the validity, performance *and* enforcement of the lease. It is also narrower than other forum selection clauses considered by courts in the context of § 1404(a) transfer motions. *See, e.g., Bense,* 683 F.2d at 720 ("any suits or causes of action arising directly or indirectly from this Agreement"); *Orix Credit Alliance,* 1994 WL 392240, at *2 ("any matter arising hereunder"); *First Interstate Leasing Serv. v. Sagge,* 697 F.Supp. 744, 746–47 (S.D.N.Y.1988) ("any suits or causes of action arising directly or indirectly from this Agreement"); *see also Caton v. Leach Corp.,* 896 F.2d 939, 943 n. 3 (5th Cir.1990) ("In contrast to broad clauses which choose a particular state's law to 'govern, construe and enforce all of the rights and duties of the parties arising from or relating in any way to the subject matter of this contract,' the instant clause denotes only that California law will be applied to 'construe' the contract."); *Fustok v. Conticommodity Servs., Inc.,* 618 F.Supp. 1082, 1089 (S.D.N.Y.1985) (choice of law provision referring to "enforcement of this agreement" was a narrow clause that did not cover tort-like claims).

S–Fer's claims are based in tort and seek rescission of the lease based on fraud in the inducement. These claims are not claims for enforcement of any obligations under the lease but rather seek to challenge the lease's validity. The forum selection clause does not include the word "validity" as the choice of law provision plainly does. Moreover, the forum selection clause is further limited to actions seeking to enforce specific obligations in the lease, using the term "herein." *Compare Hoffman v. Minuteman Press Int'l Inc.,* 747 F.Supp. 552, 559 (W.D.Mo.1990) ("The 'hereunder' language in these franchise

agreements limits application of the forum selection clause to suits arising under the agreement and seeking enforcement of the agreement."). S–Fer's lawsuit is not one to enforce any of its obligations or Paladion's obligations contained in the lease itself. Therefore, even assuming the forum selection clause is otherwise valid and enforceable, this case does not fall within the scope of the clause. Accordingly, the presence of the forum selection clause in the lease does not support a transfer of this action to California.

■ The remaining factors weigh heavily in favor of the Southern District of New York as the proper venue for this action. In this case, the plaintiffs' choice of forum is entitled to significant weight because they have chosen the forum of their state of incorporation and the place where important events occurred relating to their claims. *See Dwyer,* 853 F.Supp. at 694. "The plaintiffs' choice of forum is to be respected unless the balance of both public and private interests strongly justifies a transfer." *Calavo Growers,* 632 F.2d at 969 (Newman, J., concurring) (citing *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843) Second, none of the prospective non-party witnesses reside in California. The plaintiffs' witnesses are all residents of New York. (*See* Mitchell Aff., ¶ 12; Aff. of Emil Moos, dated June 29, 1995, ¶¶ 10, 11.) The plaintiffs argue that the defendant's agents came to New York to induce them and others to enter into leases for space in the California shopping center and that there are numerous witnesses in New York to the misleading representations that those agents made to obtain tenants for the California property. The principals of the defendant, Walter Smyk and Steven Davis, are no longer residents of California. (*See* Aff. of Walter Smyk, dated June 29, 1995, ¶ 2; Aff. of Steven L. Davis, dated June 29, 1995, ¶ 1.) Paladion asserts that the store manager and employees are likely to be California residents, (Def.'s Mem. in Support of Mot. to Transfer, at 12–13), but at best it is unclear what relevant testimony such witnesses could give with respect to S–Fer's claims that it was defrauded during negotiations *held in New York. See Town of Warwick v. N.J. Dep't of Env. Prot.,* 647 F.Supp. 1322

(S.D.N.Y.1986) (transfer denied where unclear what relevant testimony witnesses would provide). Paladion does not begin to meet its burden by offering unnamed, possibly irrelevant witnesses who may or may not be inconvenienced by a New York venue.

Third, the events underlying S–Fer's claims are alleged to have occurred in New York. S–Fer asserts that Paladion, represented by Davis and Smyk who came to New York, conducted negotiations about the lease in New York, and made certain representations in New York about the characteristics of the shopping center, anticipated customer traffic, and other tenants. (*See* Moos Aff., ¶¶ 4a, 10, 11; Compl. ¶¶ 5–7.) Paladion does not deny that Smyk and Davis discussed the lease while in New York, but rather recharacterizes these occasions as "social meetings." (*See* Smyk Aff. ¶ 8; Davis Aff. ¶ 9.) Paladion maintains that representatives of S–Fer travelled to California on several occasions, (*see* Smyk Aff. ¶¶ 9–11, 13, 14; Davis Aff. ¶¶ 6, 12, 13), but neither party alleges that fraudulent misrepresentations were made at these meetings. Paladion does little to advance its argument in favor of transfer by quarrelling with the allegations made in the Complaint, allegations that are supported by affidavits, setting forth a claim for fraud based on statements allegedly made during meetings held in New York. Accordingly, Paladion has not met its burden of demonstrating that the site of events underlying this case weighs in favor of a transfer to California.

Indeed, in this case the only significant connection to California is the fact that the shopping center is located there. But, the property itself is not the focus of this dispute—the lease is. If, as Paladion suggests, inspection of the property itself is required, photographs, videotapes, or other demonstrative evidence can be used to present it. There is no need to move the entire lawsuit to San Diego merely to allow for possibility of a jury visit to the leased property. *See Dwyer,* 853 F.Supp. at 693 (where it was unclear what benefit would come from visiting site, transfer to location of accident site denied).

Paladion has failed to carry its burden on the other § 1404(a) factors. Paladion has not demonstrated that California is a more convenient forum for the parties themselves, particularly in light of the fact that both plaintiffs are headquartered in New York while neither of the principals of the defendant limited partnership presently resides in California. Nor has Paladion shown that the primary sources of proof in this case will be more accessible in California. Documentary evidence from both Paladion and S–Fer and Moda may be relevant evidence, and that evidence can be obtained and presented in New York. A transfer to California would do no more than shift the burden of transporting documents from one coast to the other. A zero-sum exchange of burdens does not favor a transfer. *See Constitution Reinsurance,* 872 F.Supp. at 1251; *Arrow Elecs.,* 724 F.Supp. at 266. The argument that neither Smyk nor Davis are subject to compulsory process if the action remains in New York is unimpressive. There are no indications that either Smyk or Davis cannot or will not appear in New York. *See Carruthers v. Amtrak,* No. 95 Civ. 0369, 1995 WL 378544 (S.D.N.Y. June 26, 1995). Furthermore, both are officers of the general partner of the defendant and are themselves limited partners, and, while both have submitted affidavits, neither has indisputably affirmed that he would not appear for trial in New York. *See FUL Inc. v. Unified School Dist. No. 204,* 839 F.Supp. 1307, 1311–12 (N.D.Ill.1993) (availability of compulsory process generally not considered for witnesses in control of the party calling them, such as employees). If the case were transferred to California, the officers of the plaintiff would not be subject to compulsory service in California either. Again, such an exchange of burdens is insufficient to warrant a transfer. *See Constitution Reinsurance,* 872 F.Supp. at 1251; *Arrow Elecs.,* 724 F.Supp. at 266.

Finally, the public interest factors do not weigh in favor of transferring this litigation to California. Moreover, although the parties have not raised the choice of law issue at this time, even if California law governs this dispute, the legal issues involve relatively unexceptional questions of contract and fraud. If New York's choice of law rules

provide that California law is the appropriate law to apply, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (district court applies state conflicts rules); *Arrowsmith v. United Press Int'l*, 320 F.2d 219 (2d Cir.1963), then a New York court will be capable of applying it. *See Elite Parfums*, 872 F.Supp at 1273 n. 2; *Dwyer*, 853 F.Supp. at 694 (on transfer motion little weight accorded to fact that law of another jurisdiction would apply where no complex legal issues were involved).

Because Paladion has not demonstrated sufficient inconvenience on the basis of any of the § 1404(a) factors, the motion to transfer is denied.

## II.

■ S–Fer and Moda move to stay the pending California action. The California action was brought by Paladion against S–Fer and Moda claiming default on the lease and the guaranty and seeking payment of unpaid rent and guaranty payments. The California action seeks to collect the payments under the lease and guaranty which the plaintiffs in this action claim are not required to be paid. The California action is incorporated into this action as a counterclaim by Paladion against the plaintiffs.

■ There is no question that this action was filed substantially before the California action. This is not a case of a "race to the courthouse" measured in days.[2] The authority for a stay of a second-filed action in these circumstances is well established. "Where there are two competing lawsuits, the first suit should have priority, absent a showing of balance of convenience ... or ... special circumstances giving priority to the second." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir.1989) (citations omitted). This "first-filed rule" is applicable when the second-filed action embraces the same issue as the first. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir.1991). The application of the first-filed rule should not be slavish, however, and a district court should, in its discretion,

examine the circumstances closely to determine if there are special considerations. *See Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952); *First City*, 878 F.2d at 79. Examples of special circumstances that would justify a departure from the first-filed rule include where the first forum was chosen solely on the basis of forum shopping, *see William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir.1969); *800–Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 132 (S.D.N.Y.1994), or where the balance of convenience favors proceeding in the second forum. *See William Gluckin*, 407 F.2d at 179; *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202 (2d Cir.1970). Courts examining the question of whether to stay a competing action on the basis of the balance of convenience have applied the same factors considered on a motion to transfer under § 1404(a). *See 800–Flowers*, 860 F.Supp. at 133; *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990); *Nat'l Patent Dev. Corp. v. American Hosp. Supply Corp.*, 616 F.Supp. 114, 118 (S.D.N.Y.1984) (Weinfeld, J.).

Paladion does not argue that S–Fer and Moda were forum shopping when they filed this suit in New York. Instead, Paladion reasserts the arguments made with respect to its § 1404(a) motion to transfer, including its contention that the forum selection clause in the lease governs the question of whether the California action should be stayed. These arguments were addressed in the context of the motion for transfer and nothing about the motion for a stay of the California action changes that analysis. The forum selection clause, even if valid, does not encompass an action for fraudulent inducement and rescission. While the clause would apply to a suit for the collection of rent under the lease, such as the California action, there would be no obligation to pay such rent if the plaintiffs prevail in their action in New York, the first-filed action. Moreover, the balance of convenience remains in favor of the New York

---

**2.** For the purpose of selecting a date, the date the case was filed in New York Supreme Court and not the date of removal is used. *See Manufactur-*

*ers Hanover Trust Co. v. Palmer Corp.*, 798 F.Supp. 161, 166 (S.D.N.Y.1992) (collecting cases).

forum for all of the reasons already explained above.

Indeed, the circumstances of this case are strikingly well-suited to a straightforward application of the first-filed rule. This case closely resembles *Nat'l Equip. Rental, Ltd. v. A.L. Fowler,* 287 F.2d 43, 44 (2d Cir.1961), where the plaintiff brought an action for default on an equipment lease in federal court in the Eastern District of New York, and the defendant brought a subsequent action for fraud in the inducement of the lease in the Northern District of Alabama. The New York court enjoined the second-filed Alabama action. The Court of Appeals affirmed, explaining that:

> The bulk of authority supports the position that when a case is brought in one federal district court, and the case so brought embraces essentially the same transactions as those in a case pending in another federal district court, the latter court may enjoin the suitor in the more recently commenced case from taking any further action in the prosecution of that case.

*Id.,* 287 F.2d at 45.[3] The court explained the incontrovertible logic of the rule:

> [A] final adjudication upon the New York action would leave nothing for determination in Alabama. One cause of action alleged in the Alabama proceeding was already before the New York court in the form of a defense counterclaim. The second, that of alleged fraudulent inducement, was properly pleadable as a compulsory counterclaim and, whether pleaded or not, the adjudication in the New York action would be a final disposition of that claim.

*Id.,* 287 F.2d at 46. The court observed this to be an ideal situation for a stay of the later-filed action. *See id.*

Recently, the Court of Appeals reiterated the holding and rationale of *Nat'l Equip. Rental.* In *Adam v. Jacobs,* 950 F.2d 89 (2d Cir.1991), the court vacated a judgment for the plaintiff and remanded with instructions to dismiss the plaintiff's action for default on certain bridge loan guarantees. The court held that the action for enforcement was a compulsory counterclaim to a previously-filed action for rescission of the same guarantees based on fraud already pending in federal court in Michigan. The court noted that "the normal chronology would have been for the court of first impression—here, the Michigan court—to have enjoined the second court." *Id.,* 950 F.2d at 93. The Court of Appeals found that, because the claim in the New York action was a compulsory counterclaim in the first-filed Michigan action and there was no basis for a departure from the first-filed rule, the New York court should not have adjudicated the claim and should have dismissed or transferred it. *Id.,* 950 F.2d at 94.

In the present case, Paladion's second-filed California action for enforcement of the lease is a compulsory counterclaim to S–Fer's action for rescission of the same lease. *See id.,* 950 F.2d at 92. In fact, Paladion incorporates by reference its entire complaint in the California Action as a counterclaim in its answer to S–Fer's suit. Therefore, a final adjudication of the claims and counterclaims in the case before this Court will leave nothing to be decided in California.

The circumstances of this case justify the application of the first-filed rule based both on the nature of the claims and counterclaims and on the balance of convenience and absence of any indication of forum shopping or other special circumstances. Accordingly, the motion to stay the California action is granted.

### III.

For the foregoing reasons, the defendant's motion to transfer this case to the Southern District of California pursuant to 28 U.S.C. § 1404(a) is denied, and the plaintiffs' motion to enjoin the parties from proceeding with the California action pending completion of this case is granted.

**SO ORDERED.**

---

**3.** The Court of Appeals reversed the district court's order transferring the Alabama action from Alabama to New York on the grounds that § 1404(a) did not empower the New York district court to take such an action. *See Nat'l Equip. Rental,* 287 F.2d at 46–49.