**Carlos CESPEDES, Plaintiff,**

v.

**Thomas A. COUGHLIN, III, Commissioner of New York State Department of Correctional Services; John P. Keane, Superintendent; Charles Greiner, Deputy Superintendent of Security; F. Orengo, Captain; John Doe, Captain; M. Stokes, Lieutenant; Sgt. Fields, Sergeant; Sgt. Albelo, Sergeant; and J. Roman, Correctional Officer, Defendants.**

No. 90 Civ. 2667 (DNE).

United States District Court,
S.D. New York.

July 22, 1997.

Dianne L. Rosky, New York City, for plaintiff.

Dennis C. Vacco, Attorney General of the State of New York, New York City (Michael Hueston, Assistant Attorney General, of counsel), for defendants.

*Opinion and Order*

EDELSTEIN, District Judge.

Currently before this Court is a "Joint Motion for Relief From Order," in which both parties ask this Court to reconsider its rulings in *Cespedes v. Coughlin,* 956 F.Supp. 454 (S.D.N.Y.1997) (the "February 1997

Opinion"). For the reasons herein stated, the parties' joint motion is granted.

In the February 1997 Opinion, this Court conducted an exhaustive review of the procedural and factual history of this case. *See id.* at 457–62. Accordingly, this Court presently will review only as much background as is necessary to resolve the instant motion.

In 1989, plaintiff Carlos Cespedes ("plaintiff" or "Cespedes"), a prisoner at the Ossining Correctional Facility ("Sing Sing"), was charged with the assault of another prisoner. *See id.* at 458–59. At a prison disciplinary hearing, Cespedes was found guilty of that assault, and sentenced to one year of segregated confinement in Sing Sing's Special Housing Unit ("SHU") and a loss of one year of "good time credits" and commissary, phone and package privileges. *See id.* at 460. Citing flaws in his disciplinary hearing, Cespedes successfully appealed his sentence. *See id.* Cespedes, however, was not released from SHU until after he had served 104 days in SHU confinement. *See id.* at 471.

In 1990, Cespedes filed the instant lawsuit against nine prison officials, alleging violations of 42 U.S.C. § 1983, as well as several state law claims. *See id.* at 461. In the February 1997 Opinion, this Court relied upon *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), to find that Cespedes had not been denied any due process rights as a result of his wrongful SHU confinement. *See Cespedes,* 956 F.Supp. at 472. In so finding, this Court observed that the Second Circuit had yet to definitively construe *Sandin.* *See id.* at 469. Without binding precedent to guide this Court's interpretation of *Sandin,* this Court reviewed a substantial body of case law from the district courts of the Second Circuit and found that these decisions "unequivocally demonstrate [the district courts']·virtual refusal to find [a Section 1983 violation] arising from a prisoner's [disciplinary segregated] confinement, even where the term of confinement is substantial." *Id.* at 470. Furthermore, this Court found that *Sandin* and other district courts' interpretations of it precluded Cespedes request to develop a factual record in order to substantiate his Section 1983 claim. *See id.* at 472. As a result

of this reading of *Sandin,* this Court granted summary judgment in favor of two of the defendant prison officials, *see id.,* and dismissed Cespedes Section 1983 claims *sua sponte* against two other defendants. *See id.* at 477.

On February 28, 1997, Cespedes appealed this Court's 1997 opinion to the Second Circuit. (Notice of Appeal, *Cespedes v. Coughlin,* 90 Civ. 2667 (Feb. 28, 1997)). On May 21, 1997, before the Second Circuit heard Cespedes' appeal, the parties filed with the Second Circuit a stipulation under which Cespedes would agree to withdraw his appeal, and that the parties would jointly file a motion under Federal Rule of Civil Procedure ("Rule") 60(b). (Stipulation, *Cespedes v. Coughlin,* 97–2134 (May 21, 1997)).

■ On June 20, 1997, the parties filed a joint motion, pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6), in light of two decisions handed down by the Second Circuit after this Court issued the 1997 Opinion. (Memorandum of Law In Support of the parties' Joint Motion For Relief From the Court's order, *Cespedes v. Coughlin,* 90 Civ. 2667 ("Joint Memo") at 4 (June 20, 1997).) Under Rule 60(b)(6), a court may provide relief from a prior order for "any … reason justifying relief." Fed.R.Civ.P. 60(b). In their Joint Memo, the parties contend that, *Miller v. Selsky,* 111 F.3d 7 (2d Cir. 1997), and *Brooks v. DiFasi,* 112 F.3d 46 (2d Cir.1997), each cast serious doubt upon the continued validity of this Court's 1997 Opinion. (Joint Memo at 6.) As a result, the parties jointly claim that these decisions provide a sufficient "reason justifying relief" under Rule 60(b)(6). *See id.*

■ This Court agrees. In *Selsky,* for example, Judge Leval stated that "[t]he language and analysis in *Sandin* make clear that the [Supreme] Court did not intend to suggest that discipline in segregated confinement could never present [a Section 1983 violation]." 111 F.3d at 9. Indeed, *Selsky* states that the district courts which, like this Court, have found in *Sandin* a *per se* blanket rule that disciplinary confinement may never implicate a constitutionally protected liberty interest, are incorrect. *See id.; accord*

*Brooks,* 112 F.3d at 49. In both *Selsky* and *Brooks,* the Second Circuit determined that instead of applying a blanket prohibition against a prisoner's actions based on segregated confinement, district courts "must examine the circumstances of [the] confinement to determine whether that confinement affected a liberty interest." *Selsky,* 111 F.3d at 9; *see Brooks,* 112 F.3d at 49.

Because this Court did not allow Cespedes to conduct discovery to develop a factual record supporting his Section 1983 claim based on his SHU confinement, this Court finds that Cespedes should be granted relief. Accordingly, this Court finds that Cespedes' claims based upon his 104–day SHU confinement should be reinstated. Accordingly, this Court finds that the instant joint motion should be granted.

### CONCLUSION

IT IS HEREBY ORDERED THAT the Parties' Joint Motion For Relief From The Court's Order is GRANTED.

IT IS FURTHER ORDERED THAT the parties jointly submit to this Court a discovery schedule no later than August 22, 1997.

SO ORDERED.