**Louis GONZALEZ, Plaintiff,**

**v.**

**Thomas COUGHLIN, Commissioner, et al., Defendants.**

**No. 95 Civ. 5454 (LLS).**

United States District Court, S.D. New York.

July 23, 1997.

Sean R. O'Brien, New York City, for Plaintiff.

Attorney General, New York State Dept. of Law (Richard J. Cardinale, of counsel), New York City, for Defendants.

### OPINION AND ORDER

STANTON, District Judge.

Plaintiff Louis Gonzalez is an inmate in the New York State prison system. He alleges

that at his first Tier III hearing [1] for misconduct, which resulted in a finding of guilt and was followed by 221 days in the Special Housing Unit ("SHU"), he was not allowed to call all his witnesses to testify. The determination reached at that hearing was vacated by the Supreme Court of the State of New York. Plaintiff claims that at his second Tier III hearing on the same charges, which resulted again in a finding of guilt and was followed by an additional 47 days in the SHU, he was denied the assistance in preparing his defense to which he was legally entitled. Although defendant Selsky ultimately reversed the decision reached at the second Tier III hearing, by that time plaintiff had served a total of 268 days in the SHU.

The defendants move to dismiss his complaint (claiming due process violations), or to transfer his case to the United States District Court for the Western District of New York.

*Discussion*

*The Motion to Dismiss*

Following *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Court of Appeals for the Second Circuit stated in *Frazier v. Coughlin,* 81 F.3d 313, 317 (2d Cir.1996), that an inmate like Gonzalez

> must establish both that the confinement or restraint creates an "atypical and significant hardship" under *Sandin,* and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint.

*1. Atypical hardship*

■ The issue whether plaintiff's confinement imposed an "atypical and significant hardship" under *Sandin* is a factual one, inappropriate for determination on a motion to dismiss a complaint. As the Second Circuit stated in *Brooks v. DiFasi,* 112 F.3d 46, 49 (2d Cir.1997), "After *Sandin,* in order to determine whether a prisoner has a liberty interest in avoiding disciplinary confinement,

a court must examine the specific circumstances of the punishment." The same point has been made in *Miller v. Selsky,* 111 F.3d 7, 9 (2d Cir.1997) ("recognizing that district courts must examine the circumstances of a confinement to determine whether that confinement affected a liberty interest" and remanding for reconsideration of a motion for summary judgment) and in *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir.1997) (reversing summary judgment for certain defendants and remanding to afford plaintiff "an opportunity to develop additional facts relevant to the liberty analysis").

*2. Regulations granting a protected liberty interest*

■ I reject the defendants' argument (Defs.' Nov. 4, 1996 Reply Mem. p. 7) that the federal cases holding that New York prison regulations afford inmates a liberty interest in remaining free from segregated confinement "are no longer good law." *Frazier v. Coughlin* did not overrule them. Its statement that *Sandin* "may be read as calling into question the continuing viability of [those] cases," *Frazier,* 81 F.3d at 317, merely explains that such regulations by themselves no longer create a liberty interest; after *Sandin,* there must also be a deprivation which is atypical and significant. The cases that defendants urge "are no longer good law" expressed the principles established in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), holding, for example, that "an inmate who is or may be sentenced to a term of confinement in a Special Housing Unit has a right to the procedural protections of the Due Process Clause." *McCann v. Coughlin,* 698 F.2d 112, 121 (2d Cir.1983). *See also Sher v. Coughlin,* 739 F.2d 77, 81 (2d Cir.1984) ("When restrictive confinement within a prison is expressly imposed as a disciplinary sanction, for example, as a punishment ..., there will ordinarily be no doubt that the confinement impaired a liberty interest protected by state law.... "); *accord Walker v. Bates,* 23 F.3d 652, 656 (2d Cir.1994); *see also Benitez v. Wolff,* 985 F.2d 662, 665 (2d Cir.1993) ("When

---

1. A Tier III hearing is used to address the most serious infractions of prison rules and may result in unlimited confinement in SHU.

an inmate is charged with a rules violation that could lead to the loss of good-time credits or to confinement in SHU, at least the 'minimum requirements of procedural due process appropriate for the circumstances must be observed.'") (quoting *Wolff v. McDonnell,* 418 U.S. at 558, 94 S.Ct. at 2976). The Supreme Court in *Sandin* expressly stated its belief that the due process principles "were correctly established and applied in *Wolff."* *Sandin,* 515 U.S. at 472, 115 S.Ct. at 2300. Thus, federal cases finding under *Wolff* that New York State regulations granted a protected liberty interest to inmates are still good law.

### The Motion to Transfer

Gonzalez's first Tier III hearing was held in Sing Sing, defendant Mahoney is in the Southern District of New York, and defendant Selsky is in its Northern District. Two of the proposed correction officer witnesses are located in the Southern District, two other potential witnesses are in the Eastern District, and one is in the Northern District. Neither party has attempted to set forth the substance of the testimony of the witnesses whose convenience would be served by transfer, as is required by *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978) ("When a party seeks the transfer on account of the convenience of witnesses under 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."); *accord Anglo Am. Ins. Group, P.L.C. v. CalFed Inc.,* 916 F.Supp. 1324, 1338 (S.D.N.Y.1996). *But cf. Tomchuck v. Union Trust Co.,* 875 F.Supp. 242, 244 (S.D.N.Y.1995) (listing "circumstances in which a defendant's failure to specify the witnesses and the substance of their testimony may be excused").

Under the circumstances, the fact that plaintiff (who opposes transfer) and two other defendants are in the Western District does not meet defendants' burden of showing that "the balance of factors tips heavily in favor of transfer," *S–Fer Int'l, Inc. v. Paladion Partners, Ltd.,* 906 F.Supp. 211, 213 (S.D.N.Y.1995).

### Conclusion

Defendants' motions to dismiss and to transfer are denied.

So ordered.