**RICHARD FEINER AND COMPANY, INC., Plaintiff,**

v.

**LARRY HARMON PICTURES CORP. and Larry Harmon, Defendants.**

No. 98 Civ. 4082(RO).

United States District Court, S.D. New York.

March 2, 1999.

Gregory A. Sioris, New York City, for plaintiff.

Morvillo, Abramowitz, Grand, Iason & Silverberg, P.C., New York City, Michael C. Silverberg, Peter M. Spett, for defendants.

## OPINION

OWEN, District Judge.

On February 20, 1998, Larry Harmon Pictures Corp. and Larry Harmon (collectively "Harmon") filed an action against Richard Feiner and Company and Richard Feiner (collectively "Feiner") in the Central District of California. Feiner holds the copyrights to several motion pictures of the late comedy team of Stan Laurel and Oliver Hardy, as well as the still photographic images derived from those movies. Harmon, on the other hand, owns rights in the personas, characters and likenesses of Laurel and Hardy by virtue of Harmon's registration of those rights pursuant to California Civil Code § 990 (the California "Celebrity Rights Act"). *See* California Civil Code § 990 ("Celebrity Rights Act") (a person can own the right

to control commercial use of a deceased personality's name, voice, photograph or likeness); *see also Price v. Hal Roach Studios* 400 F.Supp. 836, 844 (S.D.N.Y. 1975) ("Laurel and Hardy each had . . . a property right, distinct from the statutory protection, in his name and likeness . . . . and the right of publicity which we think does not terminate upon death").

In California, Harmon claims 1) that Feiner tortiously interfered with Harmon's contract with the California State Lottery, which licensed the Lottery to use certain Laurel and Hardy images in its advertising; 2) that Feiner made false statements about its rights to the images that Harmon sold to the Lottery, which constituted libel and slander against Harmon; and 3) that Feiner misled the Lottery about Harmon's ownership of the Laurel and Hardy celebrity rights constituting unlawful, unfair and/or fraudulent business practices. Harmon seeks a declaratory judgment, injunctive relief and damages.

Approximately three and a half months later, Feiner, living in upper New York state, commenced this action in the Southern District of New York. Feiner claims that Harmon, acting directly and through its agents, has taken photographic stills from various of Feiner's copyrighted works and sold or distributed them to sixty-one third-parties for profit, wrongly attributing the copyrights to Harmon. Feiner's complaint also alleges that Harmon has advertised and copyrighted a motion picture photoplay titled "For Love or Mummy" which contains images of Laurel and Hardy that have been copied "or otherwise derived" from Feiner's copyrighted films. Feiner seeks equitable relief and damages for copyright violation, false designation of origin, and unfair competition.

Harmon moves for a transfer of venue to California pursuant to 28 U.S.C. § 1404; a dismissal pursuant to Fed.R.Civ.P. 8(a), 12(b)(1), and 12(b)(6); or, in the alternative, an order for a more definite statement pursuant to Fed.R.Civ.P. 12(e).

Harmon also argues that this motion should be transferred pursuant to Section 1404, contending that the Central District of California is more convenient forum for the litigation and that, because the California action was filed first, the New York claims should be consolidated there. They note that California District Judge Letts has denied a motion by Feiner to have the California action transferred to New York.

Needless to say, the compulsory counterclaims—those arising out of the same transaction or occurrence—should be transferred and consolidated with the California action. *Adam v. Jacobs,* 950 F.2d 89 (2nd Cir.1991). Thus, Harmon's motion to transfer such of the New York claim, and motions applicable thereto, which concerns Harmon and Feiner vis-a-vis the California State Lottery is granted.

As for Feiner's other claims, the Second Circuit has stated that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.* 804 F.2d 16, 19 (2nd Cir. 1986).

A key threshold question is whether the New York suit is "competing" with, or is "parallel" to the California suit, *Hanson PLC v. Metro–Goldwyn–Mayer Inc.,* 932 F.Supp. 104 (S.D.N.Y.1996), and whether the two suits involve "substantially the same issue," *Continental Ins. Companies v. Wickes Companies, Inc.,* 90 Civ. 8215, 1991 WL 183771 (S.D.N.Y. September 6, 1991); *S–Fer Internat'l, Inc. v. Paladion Partners, Ltd.,* 906 F.Supp. 211, 216 (S.D.N.Y.1995) ("First-filed rule is applicable when the second-filed action embraces the same issue as the first").

Here, once the counterclaims are transferred, I do not view the New York and California lawsuits as competing or parallel in the legal sense. Feiner's re-

maining New York claims involve transactions allegedly entered into by Harmon with third-party buyers *other* than the Lottery and it is not known what materials are involved and whether or not any are the subject of the California lawsuit.[1] In the absence of identity between the two claims, I am not obligated to transfer Feiner's New York lawsuit.

Moreover, I am not persuaded by Harmon's arguments that the suit should be transferred because of convenience. The nature of Feiner's claim does not make many of the California witnesses cited by Harmon necessary, and an analysis of documents can be done as easily in New York as in California. That some of the defenses to Feiner's claims may raise issues of California law is not enough to warrant transfer to a federal court in that state. Therefore, Harmon's motion to transfer as to the remainder of Feiner's claims is denied.

As to those claims now remaining here, I turn to Harmon's motions with regard to them. Out the outset, Feiner's claims for copyright infringement meet the pleading requirements of Fed.R.Civ.Pro. 8(a). Feiner has alleged in his complaint that the copyrights at issue were "assigned to [Feiner] and registered in the United States Copyright Office of the Library of Congress under Volume 1445, pages 423–25 and Volume 2648, pages 48 through 81. These copyrights remain in full force as and of the date of this complaint and were in effect at all times during the complained of acts." This specifies the copyrights involved in sufficient detail as mandated by 17 U.S.C. § 411(a).[2] Thus Harmon's motion to dismiss pursuant to Rule 8(a) is denied. Harmon's motions to dismiss pursuant to Rules 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim) are also denied for the same reasons.

As to Feiner's failure to specify which copyright is infringed by which act, this is not fatal to his claim. A reader of the complaint can conclude that the works whose copyrights are listed therein are those alleged to have been infringed, and it is sufficient that the complaint alleges that the infringing acts took place during the time that Feiner owned the rights to the films. *Calloway v. Marvel Entertainment Group*, No. 82 Civ. 8697, 1983 WL 1152, *4 (S.D.N.Y. Dec.23, 1983). One does not sense that Harmon actually lacks notice of what Feiner's claim is. Feiner owns the copyrights to several Laurel and Hardy films and has alleged infringing acts as to those rights with some sixty-one third party buyers. Further specificity at this stage of the litigation is not required. *See Tin Pan Apple, Inc. v. Miller Brewing Co.*, 737 F.Supp. 826 (S.D.N.Y.1990) (complaint alleging "one or more" of copyrighted works were copied withstands a motion to dismiss; the meaning of "one or more" may be explored in discovery). Harmon's motion to dismiss on these grounds and his alternative motion for a more definite

---

1. Should the California action reach a determination on Feiner's rights with regard to specific stills that turn out to be involved in the other claims, that would of course be *res judicata* here.

2. Harmon relies on *Gee v. CBS, Inc.*, 471 F.Supp. 600 (E.D.Pa.1979) for the proposition that the complaint must be dismissed for failure to attach the copyright certificates or to provide the registration numbers. However, *Gee* itself relies heavily on a section from Moore's Federal Practice, Second Edition, that has been deleted in the more recent edition. And *Gee* is clearly distinguishable, for in *Gee* the plaintiffs stated merely that "defendants have infringed the copyrights of Bessie

Smith and her heirs, the plaintiffs herein," without further elaboration on the registration of copyrights or on how the plaintiffs came to acquire those rights. *See also Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (complaint contained no allegation of registration of copyright in work at issue). Here, Feiner carefully cites the registration of assignments to him of copyrights in Laurel and Hardy's works, and his rightful ownership of several copyrights to Laurel and Hardy films has been established in prior litigation. *See e.g. Richard Feiner & Co. v. H.R. Industries*, 10 F.Supp.2d 310, 311–12 (S.D.N.Y.1998).

statement under Rule 12(e) are both denied.

■ Harmon's motion to dismiss Feiner's Lanham Act claim is also denied. The Second Circuit has held that "a false copyright notice alone cannot constitute a false designation of origin within the meaning of Section 43(a) of the Lanham Act." *Lipton v. Nature Company*, 71 F.3d 464, 473 (2nd Cir.1995); *see also EFS Marketing Inc. v. Russ Berrie & Co.*, 76 F.3d 487, 492 (2nd Cir.1996). However, Feiner alleges more than just a false copyright notice. His Lanham Act claim is an allegation of "reverse passing off," that is, that Harmon has attempted to sell Feiner's works under the defendant's own name. *See, e.g., Lipton* at 473. Feiner alleges that in addition to false copyright attribution, Harmon "openly and notoriously claimed they were the owners and licensors of the plaintiff's [Feiner's] still photographic Laurel and Hardy images" in a video and a book for the Practicing Law Institute. This is sufficient to meet the pleading requirements of a Lanham Act claim.

■ Finally, Harmon argues that Feiner's sixth claim, · which alleges that defendants, "through their willful and purposeful conduct have wrongfully, tortiously and unfairly competed regarding the exploitation, sale and licensing of the copyrights of the plaintiff herein", merely repeats and realleges claims Feiner has made under copyright law and is preempted. Section 301 of the Copyright Act provides for preemption of claims that are "equivalent to any of the exclusive rights within the general scope" of copyright law. 17 U.S.C. § 301(a). A state common law claim will escape preemption only when there is an "extra element" to the common law claim, putting it outside the scope of the copyright law. *Samara Brothers, Inc. v. Wal–Mart Stores, Inc.* 165 F.3d 120, 49 U.S.P.Q.2d 1260 (2nd Cir.1998); *Computer Associates Intern., Inc. v. Altai, Inc.* 982 F.2d 693, 716 (2nd Cir.1992) ("A state law claim is not preempted if the extra element

changes the nature of the action so that it is qualitatively different from a copyright infringement claim.") (citations omitted). However, the New York common law of unfair competition requires no element other than those necessary to establish a copyright infringement claim, *Kregos v. Associated Press*, 3 F.3d 656, 666 (2nd Cir.1993), and Feiner alleges no action other than those already alleged to have violated the Copyright Act. Therefore, Feiner's common law unfair competition claim being preempted, it is dismissed.

Submit order on notice.