**AG–INNOVATIONS, INC., Larry Faillace and Linda Faillace, Plaintiffs–Appellants,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, and Ann M. Venemann, Secretary of Agriculture, Defendants–Appellees.**

No. 01–6035.

United States Court of Appeals, Second Circuit.

April 20, 2001.

John Davis Buckley, Esq., Theriault & Joslin, P.C., Montpelier, VT, for appellant.

Paul J. Van De Graaf, Assistant United States Attorney; David V. Kirby, United States Attorney, District of Vermont, on the brief, Burlington, VT, for appellees.

Present WALKER, Chief Judge, McLAUGHLIN and POOLER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED and the case is REMANDED with direction to dismiss as moot.

98

Plaintiffs Ag–Innovations, Inc. and Larry and Linda Faillace (collectively "Ag–Innovations") appeal from a February 6, 2001 order of the United States District Court for the District of Vermont (Murtha, Ch.J.) dismissing Ag–Innovations' challenge to an order issued by defendant-appellee United States Department of Agriculture ("USDA"). The USDA order mandated seizure and destruction of Ag–Innovations' flock of imported East Friesian milk sheep.

Since Ag–Innovations filed its notice of appeal, USDA has seized all of the sheep in question and destroyed them. USDA has also seized and destroyed embryos and semen (collectively "germ plasm") taken from the sheep prior to seizure. Because Ag–Innovations sought only prospective relief, seizure and destruction of the sheep and germ plasm renders this case moot; no relief that we could provide would accrue to Ag–Innovations benefit. Consequently, Ag–Innovations now lacks the sort of immediate, concrete stake in the outcome of the suit necessary to present the "case or controversy" required by Article III of the Constitution. *See Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 139–40 (2d Cir.1994).

■ Ag–Innovations also contends that the case is "capable of repetition, yet evading review." *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Ag–Innovations argues that the USDA's declaration of emergency, which remains in effect, would allow the USDA to seize and destroy more of its animals, on the theory that they have been contaminated by exposure to the sheep. Although conceivable, at this point such a possibility is entirely speculative and therefore does not amount to the "reasonable expectation" of repetition required to find a dispute "capable of repetition." *Honig v. Doe*, 484 U.S. 305, 318 n. 6, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).

■ Where a case has been mooted on appeal, the appellate court is required, in normal circumstances, to vacate the district court's order and remand with direction that the district court dismiss the case for want of jurisdiction. *See United States v. Munsingwear*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950). Such a resolution is particularly appropriate where, as here, mootness is caused by the unilateral actions of the party who prevailed below. *See Penguin Books USA Inc. v. Walsh*, 929 F.2d 69, 73–74 (2d Cir. 1991).

Accordingly, the judgment of the district court is hereby VACATED and the cause is REMANDED with direction to dismiss as moot.