AG–INNOVATIONS, INC., Larry Faillace, Linda Faillace, Plaintiffs–Appellants,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, Ann M. Veneman, Secretary of Agriculture, Defendants–Appellees.

No. 03–6159.

United States Court of Appeals, Second Circuit.

April 22, 2004.

John Davis Buckley, Theriault & Joslin, P.C., Montpelier, VT, for Plaintiffs–Appellants.

David Kirby, Assistant United States Attorney, for Peter W. Hall, United States Attorney for the District of Vermont (Heather E. Ross, Assistant United States Attorney; Carol L. Shea, Chief, Civil Division, on the brief), for Defendants–Appellees.

Present: LEVAL, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

* The Honorable Jed S. Rakoff, U.S. District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED,** but the case is **REMANDED** to the district court to permit the plaintiffs to amend their complaint.

Plaintiffs–Appellants AG–Innovations, Inc., Lawrence Faillace, and Linda Faillace (collectively, "AG–Innovations") appeal from the district court's dismissal of their Fed.R.Civ.P. 60(b) motion for relief from an earlier judgment of that court (Murtha, *J.*). The relevant facts of the underlying case are as follows: On July 14, 2000, the United States Department of Agriculture ("USDA") issued an administrative order mandating that the plaintiffs allow the USDA to seize and destroy of some of their sheep and any associated germ plasm (sperm and embryos). The order was authorized by a declaration of extraordinary emergency issued by the Secretary of Agriculture, *see* 21 U.S.C. § 134a(b), *repealed by* Act May 13, 2002, Pub. L. No. 107–171, Title X, Subtitle E, § 10418(a)(17), 116 Stat. 508, which stated that a transmissible spongiform encephalopathy (TSE) "of foreign origin"[1] had been detected in several sheep in Vermont, and that any sheep that had been affected or exposed, and their germ plasm, had to be destroyed. *See* 65 Fed. Reg. 45,018 (July 20, 2000).

Within a few days of the issuance of the order, the plaintiffs brought suit against the USDA, asking the district court to pronounce the order and the declaration of extraordinary emergency invalid, unlawful, and unenforceable, and to enjoin the defendants from seizing their sheep and germ plasm. The district court rejected the plaintiffs' request for a preliminary injunction. After reviewing additional briefs and an expanded administrative record, the court entered final judgment in favor of the USDA, and instructed the plaintiffs to comply with the order. AG–Innovations sought a stay pending appeal, but this request was denied by both the district court and this Court. With no stay in effect, the USDA seized and destroyed the sheep and germ plasm in question.

The USDA then moved this Court to dismiss the appeal as moot, arguing (1) that the plaintiffs could no longer secure any effectual relief from the agency order, (2) that this Court had no subject matter jurisdiction to review the declaration of extraordinary emergency in the abstract, because it was not, on its own, a final agency action reviewable under the Administrative Procedures Act, *see* 5 U.S.C. § 704, and (3) that the possibility of future administrative orders was "speculative," and in any case could not be the basis for jurisdiction because such orders would not evade review, as they could be challenged just as the instant order had been. Noting that the plaintiffs sought only prospective relief, and that any future agency action was "entirely speculative," we vacated the judgment of the district court and remanded with instructions to dismiss the case as moot. *Ag–Innovations, Inc. v. United States Dep't of Agric.*, 6 Fed.Appx. 97, 98 (2d Cir.2001) (unpublished disposition).

---

1. TSE is the name given to a group of diseases which includes scrapie, a disease common in sheep in the United States, and BSE (bovine spongiform encephalopathy), also known as "mad cow disease." Although scrapie is not considered a risk to human health, BSE is the probable cause of variant CJD (Creutzfeldt–Jakob Disease), which is fatal in humans. The USDA determined that the Ag–Innovations sheep, which had recently been imported from Europe, might have been exposed to a variant form of TSE that could not be distinguished from BSE.

386

On August 26, 2002, the USDA issued an order quarantining, for four years, certain animals and areas of the plaintiffs' property. It asserted that such measures were necessary to prevent the spread of the foreign variant of TSE.[2] On December 31, 2002, AG–Innovations filed a complaint requesting relief from the underlying judgment dismissing the case as moot, arguing (1) that the defendants had procured a dismissal of its claims through fraud by falsely representing to this Court that the issue was moot, and (2) that it was no longer equitable for the judgment to have a "prospective" effect, because the USDA had misrepresented the alleged risk. The district court held that the complaint failed to state a claim, and dismissed it.

The plaintiffs styled their complaint as a plea for "relief from [the underlying] judgment and any prospective operations thereof." The underlying case having been dismissed as moot and the original district court opinion having been vacated, however, there is in place no judgment adverse to the plaintiffs, or that has a prospective effect. *See DeWeerth v. Baldinger,* 38 F.3d 1266, 1275–76 (2d Cir.1994) (citing *Twelve John Does v. District of Columbia,* 841 F.2d 1133 (D.C.Cir.1988)). The judgment unfavorable to the plaintiffs was vacated.

Plaintiffs' present quarrel is with the new quarantine order. Because the prior judgment was vacated and the prior action dismissed as moot, the prior litigation poses no obstacle to the plaintiffs' new attack on the quarantine order (or on the findings that underlie it).[3] Plaintiffs are free to attack it directly without need for any relief from the prior judgment.

We have considered all of the plaintiffs' claims and find them meritless. We therefore AFFIRM the judgment of the district court. But we REMAND the case to the district court so that it may allow the plaintiffs to amend their complaint—should they wish—in order to attempt to state a claim attacking the quarantine order itself.

2. The USDA relied, in its order, upon 7 U.S.C. § 8306 and § 8315, and, although the order does not explicitly say so, presumably also upon the July 2000 declaration of extraordinary emergency.

3. During oral argument before this Court, the Government conceded this point. We also note that the denial of the stay in the original case does not constitute a judgment on the merits, and does not have *res judicata* effects. *See National Equipment Rental, Ltd. v. Fowler,* 287 F.2d 43, 46 n. 1 (2d Cir.1961).